# NOVEMBER, 1910.

FORT WORTH & RIO GRANDE RAILWAY COMPANY v. MAGGIE M. ROBERTSON ET AL.

No. 2071. Decided November 2, 1910.

1.—Personal Injury—Death—Survival of Action—Putative Wife.

The putative wife, who had innocently and in good faith married one having a former wife living and undivorced, had no interest, on his death, in his cause of action for personal injuries, which, by the terms of article 3353a, Revised Statutes, survived in favor of his heirs and legal representatives. (Pp. 507, 510, 511).

**2.—Same—Community Property.**

The rights secured by law to the wife, such as homestead, inheritance, and interest in community property, belong to the lawful and not to the putative wife. The interest acquired by the latter extends only to a half of the property acquired by the joint efforts of herself and the supposed husband, irrespective of the value of the service contributed by her; it is not community property of herself and the supposed husband by effect of article 2968, of the Revised Statutes; the right of action of the husband for personal injuries is community property of the husband and of the lawful, not of the putative wife; nor could the latter acquire an interest in such cause of action by her services in nursing him during his injury. (Pp. 507, 510–515.)

**3.—Same—Case Stated.**

Plaintiff sued, in her own right as surviving wife and as next friend of a minor daughter of one who had died, having a pending suit for personal injuries, to recover on that cause of action, which was not claimed to have caused his death. She had lived with him for ten years believing that she was his wife. It developed that a former wife, mother of the minor plaintiff, was living and never divorced. Held, that plaintiff could not recover either as owner of a half interest in the cause of action as being community property of herself and deceased (Rev. Stats., art. 2968) or as succeeding to the right of action of deceased, surviving to heirs and legal representatives by the statute (Rev. Stats., art. 3553a). (Pp. 507–515.)

**4.—Practice in Supreme Court—Fundamental Error.**

Fundamental error (omission of a necessary party) will not be considered in the Supreme Court when not made one of the grounds of application for writ of error. Scalfi v. State, 96 Texas, 559, followed. (P. 507).

Error to the Court of Civil Appeals for the Second District, in an appeal from Tarrant County.

Maggie M. Robertson and another sued the railway company and obtained judgment. Defendant appealed and the recovery was affirmed by a divided court, Judge Dunklin dissenting. Thereupon appellant obtained writ of error. The opinion of the majority of the Court of Civil Appeals and the dissenting opinion are here published, together with that of the Supreme Court, approving the dissenting opinion.

*Andrews, Ball & Streetman* and *H. M. Chapman,* for plaintiff in error.—Maggie M. Robertson, not being the lawful wife of John P. Robertson, deceased, had no interest in an action by him for injuries done to his person, and such action, being brought by him in his lifetime, did not survive at his death to plaintiff, Maggie M. Robertson, but only survived to his heirs and legal representatives. Rev. Stats., art. 3353a; Morgan v. Morgan, 21 S. W., 154; Holland v. Holland, 45 Texas, 588; Raines v. Wheeler, 76 Texas, 394; James v. James, 81 Texas, 378; Routh v. Routh, 57 Texas, 589; Chapman v. Chapman, 32 S. W., 564; Hayworth v. Williams, Texas Supreme An., vol. 1, No. 17, p. 278; Fitzgerald v. Western U. T. Co., 40 S. W., 421; Ritz v. City of Austin, 20 S. W., 1029; 7 Lawson, Rights, Rem. and Prac., secs. 3436 and 3437; Railway Co. v. Cook, 25 S. W., 455.

Plaintiff, Maggie M. Robertson, was the putative wife and not the lawful wife of John P. Robertson, deceased, and as such had no interest in a cause of action which abated at his death, except as to

his heirs and legal representatives, but only had an interest in such property as they by their joint efforts may have acquired during the unlawful cohabitation, and the action brought by deceased in April, 1907, having been abandoned, plaintiff, Maggie M. Robertson, had no such interest in said cause of action as would authorize her to maintain this suit. Fitzgerald v. Western U. Tel. Co., 40 S. W., 421; Ritz v. City of Austin, 20 S. W., 1029; Mexican Cent. Ry. Co. v. Goodman, 48 S. W., 778; Mexican Cent. Ry. Co. v. Goodman, 55 S. W., 372.

*McLean & Cgrlock,* for defendants in error.—The law is now well settled in Texas that in case of a marriage of the character of that disclosed by the record in this case the putative wife, so long as she acts innocently, has as to the property acquired during such marriage all the rights of a lawful wife. Barkley v. Dumke, 99 Texas, 153; Morgan v. Morgan, 1 Texas Civ. App., 315; Lawson v. Lawson, 30 Texas Civ. App., 43; Allen v. Allen, 105 S. W., 54; Chapman v. Chapman, 16 Texas Civ. App., 383; Speer on the Law of Married Women, sec. 178.

The damages growing out of the Brownwood accident, in view of the relations existing between Maggie M. Robertson and John P. Robertson, became the common property, or the community property, or the partnership property, of the said Maggie M. Robertson and John P. Robertson. Ezell v. Dodson, 60 Texas, 331; Texas & P. Ry. Co. v. Watkin, 88 Texas, 23; International & G. N. Ry. Co. v. Leake, 64 Texas, 659; Buckley v. Buckley, 96 Pac., 1079; McKay on Com. Prop., 188-201.

The cause of action for damages growing out of the Brownwood accident to John P. Robertson, being the joint community or partnership property of the said Maggie M. Robertson and John P. Robertson, did not abate by reason of the death of John P. Robertson, but upon his death the said cause of action was jointly owned by the said Maggie M. Robertson, in virtue of her right to a community one-half, and by the heir of John P. Robertson, for the remainder, with the right on the part of the said Maggie M. Robertson to prosecute and reduce to judgment the said chose in action as the partnership survivor. In other words, the said Maggie M. Robertson was entitled to prosecute the said suit (1) on account of her representation of a one-half interest therein accruing to her as the lawful wife of John P. Robertson, so far as the property rights in the said claim or cause of action were concerned, which was preserved to her by reason of the fact that under the statute of 1895 the death of Robertson did not affect or permit the said cause of action to abate, and in this view of the case the other interest of the said John P. Robertson being represented by his lawful child, and (2) because the said cause of action was partnership property of Maggie M. Robertson and the deceased, and the plaintiff as the surviving partner of the said partnership became and was the "legal representative" of the said claim within the meaning of the said Act of the Legislature, and entitled by virtue of her position as the survivor of the partnership to reduce the said claim to judgment as such "legal rep-

resentative." Act of 24th Legislature, approved May 4, 1895, page 143; Morgan v. Morgan, 1 Texas Civ. App., 315; Lawson v. Lawson, 30 Texas Civ. App., 48; Chapman v. Chapman, 41 S. W., 535; Barkley v. Dumke, 99 Texas, 153; Lassiter v. First National Bank, 72 S. W., 1055, and authorities therein cited, holding that a surviving partner may be treated and considered the legal representative; 25 Cyc., 175; 2 Bates on Part., secs. 712 to 724.

In construing a remedial Act of the Legislature effect will be given to the manifest spirit, scope and intention of the law. The Act of the Texas Legislature of May 4, 1895, entitled: "An Act to provide for the survival of causes of action for personal injuries other than those resulting in death, and for the enforcement thereof," when fairly and liberally construed to effectuate the intention underlying the passage of the said law, evidently meant that no actions of said kind upon which suits had been brought, or that might thereafter be brought, should abate by reason of the death of the injured party or the party inflicting the injuries, the mischief sought to be remedied being that prior to the passage of said law all such actions would abate. This being the leading and manifest purpose and intention of the law, subsidiary phrases used in the said law must yield to the general purpose, scope and intention of the said law. So considered, the cause of action in this case did not abate under the said law, but survived for the benefit of the parties interested therein, and could be prosecuted thereafter in like manner and with like legal effect as would a cause of action for injuries to personal property. Acts of the 24th Legislature, page 143; Gulf, C. & S. F. Ry. v. Moore, 28 Texas Civ. App., 603; sec. 2, Final Title, Rev. Stats. (Sayles'), vol. 2, p. 1900; McInery v. City of Galveston, 58 Texas, 334.

MR. JUSTICE WILLIAMS delivered the opinion of the Supreme Court.

The opinion of the majority of the Court of Civil Appeals and the dissenting opinon of Mr. Justice Dunklin will be reported along with this and will show the nature of the case and of the question which controls its decision. It is unnecessary for us to say more than that we agree with the dissenting opinion which we regard as correctly stating the law. This conclusion leads to a reversal of the judgment in favor of Mrs. Robertson and a rendition of judgment that she take nothing.

In an argument in this court the point is made by the plaintiff in error that the judgment in favor of Annie Robertson is fundamentally erroneous because her mother, who is among those to whom the cause of action which accrued to the deceased is made to survive, is not a party to the suit. This is not made one of the grounds in the application for the writ of error, to which this court is confined Scalfi v. The State, 96 Texas, 559.

> *Reversed and rendered as to Mrs. Maggie M. Robertson;*
> *Affirmed as to Annie Robertson.*

MR. JUSTICE SPEER, with whom concurred MR. CHIEF JUSTICE CONNER, delivered the opinion of the Court of Civil Appeals.

Maggie M. Robertson instituted this suit in behalf of herself, as surviving widow of John P. Robertson, deceased, and as next friend for Annie Robertson, a surviving child of the said John P. Robertson, to recover damages for injuries received by the said John P. Robertson through the negligence of the Fort Worth & Rio Grande Railway Company, which injuries did not result in his death. There was a verdict and a judgment in favor of the plaintiffs for the sum of twenty-five hundred dollars each, from which the defendant has appealed, complaining only of that portion of the judgment in favor of Maggie M. Robertson.

There is practically no controversy in the facts of this case, and the issue presented is purely one of law. Maggie M. Robertson, while quite a young girl, was married to the deceased, John P. Robertson, observing all the solemnities of law, and the two continued to live together as husband and wife until the date of his death, more than ten years thereafter. At the time of the attempted marriage John P. Robertson had a living wife from whom he had never been divorced, but of the existence of this marriage appellee was ignorant. At the time of her marriage and at all times until the truth was disclosed on the trial of this case she had no reason to believe that her marriage was not in all respects lawful, but on the contrary firmly believed that the same was regular. There is evidence to indicate that the deceased also entered into the marriage with appellee in good faith, but as to this we express no opinion, since it is unimportant in the view we take of the case.

John P. Robertson during his life instituted suit against appellant to recover for the injuries sustained by him, but died before the cause proceeded to judgment.

The issue of law presented is very clearly stated in appellant's propositions, as follows: "First. Maggie M. Robertson, not being the lawful wife of John P. Robertson, deceased, had no interest in an action by him for injuries done to his person, and such action being brought by him in his lifetime did not survive at his death to plaintiff, Maggie M. Robertson, but only survived to his heirs and legal representatives. Second. Plaintiff, Maggie M. Robertson, was the putative and not the lawful wife of John P. Robertson, deceased, and as such had no interest in a cause of action which abated at his death except as to his heirs and legal representatives, but only had an interest in such property as they by their joint efforts may have acquired during the unlawful cohabitation, and the action brought by deceased in April, 1907, having been abandoned, plaintiff, Maggie M. Robertson, had no such interest in said cause of action as would authorize her to maintain this suit."

It will thus be seen that two questions of law are involved: First, whether or not Maggie M. Robertson, as the putative wife of John P. Robertson, deceased, had an interest in her own right in the cause of action · against appellant for personal injuries not resulting in the death of John P. Robertson; and, second, if not, then is the said Maggie M. Robertson an heir or legal representative within the meaning of our statute surviving such causes of action? It would be unprofitable to review the many authorities and to rehearse

the arguments leading up to the conclusion so clearly announced in Barkley v. Dumke, 99 Texas, 150, wherein Mr. Chief Justice Gaines uses the following language: "Therefore, we think it should be taken as the settled doctrine in this State that in case of a marriage of the. character of that in controversy, the putative wife, so long as she acts innocently, has, as to the property acquired during that time, the rights of a lawful wife." See also Allen v. Allen, 105 S. W. Rep., 53; Speer on the Law of Married Women, sec. 178. In the Supreme Court case from which the above quotation is taken it is very clearly pointed out that the rule of the common law with respect to such marriages does not obtain in this State and the earlier cases of Morgan v. Morgan, 21 S. W., 154, and Lawson v. Lawson, 30 Texas Civ. App., 43, wherein the Courts of Civil Appeals had recognized the property rights of the putative wife, were expressly approved. Appellee then having married John P. Robertson in good faith, is undoubtedly entitled to the rights of a lawful wife in the property acquired by them, or either of them, during their marriage. It is equally well settled that a chose in action accruing to either spouse during the marriage by reason of an injury to the person is community property. Ezell v. Dodson, 60 Texas, 331; Texas C. Ry. Co. v. Burnett; 61 Texas, 638; Speer on the Law of Married Women, sec. 193. So it necessarily follows, we think, that appellee was an equal owner with her husband in the cause of action against appellant, and was only precluded from suing for the same prior to his death by reason of the rule of law in this State that such causes of action may be maintained only by the husband. Upon his death the impediment was removed, and she, like any other litigant, might properly assert her legal rights, irrespective, we think, of any statute surviving the cause of action as to the heirs and legal representatives of the deceased husband. In other words, the chose in action, being property, was acquired by John P. and Maggie M. Robertson during the time they were living together as husband and wife, and as such, belonged jointly to them, and after his death she, as such owner, was authorized to maintain a suit for its recovery precisely as the surviving wife of a perfectly regular marriage might sue to recover the community property. We furthermore think this conclusion should be wholly uninfluenced by any consideration of the question whether or not appellee actually contributed anything toward the acquisition of this cause of action. If the marriage between appellee and John P. Robertson had been regular, undoubtedly then the law would not inquire whether the wife's efforts had entered into the acquisition or not. If the logic of the decisions already referred to is sound, and we think it is, the law will not inquire in the present case whether the acquisition was by the joint efforts of the husband and wife, or attempt to adjust their respective rights in proportion to the amount each contributed thereto. The law will not concern itself with such an inquiry, but will leave the parties to share in the property in the same proportion as though the marriage contract was that the wife had every reason to believe it to be, that is, a valid marriage. To accord to appellee a right to share in the acquisitions of herself and John P.

Robertson only in the proportion in which her earnings or efforts entered into the acquisition would be to accord her the rights of a stranger, and not of a wife at all.    Such a conclusion would be at variance with the whole theory upon which the decision of Barkley v. Dumke and the line of cases therein reviewed is based.

We would further hold, if it were necessary to a disposition of the case, that the cause of action survived to appellee under article 3353a, of Sayles' Texas Civil Statutes.    That article provides: "Causes of action upon which suit has been or may hereafter be brought by the injured party for personal injuries other than those resulting in death, whether such injuries be to the health or to the reputation or to the person of the injured party, shall not abate by reason of his death, nor by reason of the death of the person against whom such cause of action shall have accrued; but in the case of the death of either, or both, such cause of action shall survive to and in favor of the heirs and legal representatives of such injured party, and against the person, receiver or corporation liable for such injuries and his legal representatives; and so surviving, such cause may be hereafter prosecuted in like manner and with like legal effect as would a cause of action for injuries to personal property."    We think the evident purpose of the Legislature was to abolish the common law rule that a cause of action for personal injuries not resulting in death should abate upon the death of either party, and that a liberal interpretation of this remedial statute would include the appellee within the scope of the terms "heirs and legal representatives."

The injuries out of which this suit arose were inflicted March 28, 1906.    The deceased instituted suit on April 4, 1907, and died in August of that year.    That suit was abandoned after his death and this suit instituted in September, 1907.    On June 11, 1908, appellee, learning on that day for the first time of the existence of the other living wife, filed her trial amendment asserting her rights as a putative wife.    Under these circumstances the appellant's plea of two years limitation was properly overruled.

We find no error in the judgment and it is affirmed.

Decided April 17, 1909.

MR. JUSTICE DUNKLIN, dissenting.

Although Mrs. Maggie Robertson acted in perfect good faith in her attempted marriage to J. P. Robertson, yet as it was conclusively shown that he was never divorced from Mrs. Annie Budd, and therefore was legally incapable of contracting a second valid marriage, it follows that Mrs. Maggie Robertson was never the lawful wife of J. P. Robertson.    For the same reason Mrs. Annie Budd never changed her legal status, as the lawful wife of J. P. Robertson, by her attempted marriage with John Budd; and the fact that she has not seen fit to become a party to this suit and ask for damages for the injuries in controversy sustained by J. P. Robertson, does not affect the question as to whether or not Mrs. Maggie Robertson is entitled to recover.    If Mrs. Maggie Robertson was not the lawful wife of J. P. Robertson, then in no sense was she his heir, within

the meaning of Sayles' Texas Civil Statutes, article 3353a, providing that causes of action for personal injuries other than those resulting in death shall, upon the death of the person injured, survive to and in favor of his heirs and legal representatives. She did not sue as the executrix or administratrix of his estate for the benefit of his heirs and creditors, but sought to recover, and did recover, twenty-five hundred dollars in her own personal right, with no evidence to support that claim except the fact that she in good faith married and lived with J. P. Robertson as a wife, and that the cause of action accrued to J. P. Robertson during the existence of that relation. Unquestionably Mrs. Annie Budd, as the surviving lawful wife of J. P. Robertson, had an interest in the cause of action asserted in this suit. Under the laws of this State J. P. Robertson did not at his death leave two surviving lawful wives. Under the common law the cause of action asserted abated with the death of J. P. Robertson, but by article 3353a of Sayles' Texas Civil Statutes, it is made to survive to his heirs and legal representatives. The basis for her contention that she is a legal representative of J. P. Robertson is her claim that she acquired and owned a half interest in the cause of action before his death. I deem it unnecessary to consider whether or not such an interest would constitute her a legal representative of J. P. Robertson after his death, as I do not believe she ever acquired such an interest. Her contention is that as she was in good faith his putative wife, the cause of action was community property between them, and each owned an undivided one-half interest therein. Sayles' Texas Civil Statutes, article 2698, reads as follows:

"All property acquired by either husband or wife during the marriage, except that which is acquired by gift, devise or descent, shall be deemed the common property of the husband and wife, and during the coverture may be disposed of by the husband only."

By this article of the statute the cause of action sued on prima facie was made the community property of J. P. Robertson and his wife, Mrs. Annie Budd, vesting in each a half interest therein. Under repeated decisions of our higher courts it is a settled principle of law that when a marriage is held to be unlawful, the putative wife, who has assumed and sustained that relation, believing in good faith the marriage to be lawful, will be entitled to one-half of all property acquired by the joint labors of the two, even in the absence of proof of the extent of labor contributed by each. Barkley v. Dumke, 99 Texas, 153; Morgan v. Morgan, 1 Texas Civ. App., 315; Lawson v. Lawson, 30 Texas Civ. App., 43; Allen v. Allen, 105 S. W., 54; Chapman v. Chapman, 16 Texas Civ. App., 383; Speer on the Law of Married Women, sec. 178.

The case of Lawson v. Lawson, *supra,* was a controversy between Harry Lawson and his putative wife, Caroline Lawson, over certain property acquired by them during their marriage, Caroline in good faith believing that the marriage was a lawful marriage, and the finding of the trial court was as follows: "All the property in controversy was acquired by the joint efforts of Caroline and Harry in the same manner as if they had been husband and wife, but in

what proportion their respective labors contributed to such accumulation I am unable to say." A judgment was rendered by the trial court decreeing to Caroline Lawson one-half the property so acquired, and in the opinion of the Court of Civil Appeals affirming that judgment the following language was used:

"In the case at bar, inasmuch as plaintiff was never the lawful wife of Harry Lawson, she could not in any event be entitled to the full property rights of a wife, such as homestead rights in a homestead the separate property of the husband, or a one-third life estate in his separate realty. But if in good faith she has entered into the relation the courts will not refuse her the just fruits of the labor of her hands and permit the husband, who is equally guilty, if either is, to appropriate the partnership earnings to his own use.

"That this distinction has been recognized is clear from the opinion in Chapman v. Chapman, 41 Southwestern Reporter, 543, cited by appellant, where the court refused to award to the putative wife the full rights of a wife in property which was a donation by the State to a husband and to the acquisition of which she contributed nothing, but did give to her a partnership interest in personal property acquired by their joint efforts during the existence of the relation.

"It would seem that good faith, whether resting in mistake of fact or mistake of law, is enough to authorize the courts to treat the relation as a partnership upon proof that something was actually contributed by each to the acquisition of the property claimed."

The case of Morgan v. Morgan, *supra,* was a controversy between Susan H. Morgan, surviving lawful wife of John E. Morgan, and his surviving putative wife. The property involved was one hundred and sixty acres owned by John R. Morgan at the time of his putative marriage, and other property accumulated after that marriage; and following an extensive review of the authorities, the Court of Civil Appeals uses this language: "We are of the opinion, therefore, that if appellant (the putative wife) in good faith believed that she was the lawful wife of John E. Morgan, she should not be deprived of her right to participate in the property acquired through their joint efforts, and that she should have been allowed to prove that fact, and that this issue should have been submitted to the jury. Of course, this would give appellant no right to any share in the property which John E. Morgan had at the time of his attempted marriage to her, whether such property be his separate property or the community property of him and his first wife. This by our statute would go to his lawful wife and child. Newland v. Holland, 45 Texas, 588."

It will be noted that in both cases last discussed, Morgan v. Morgan and Lawson v. Lawson, the putative wife was given one-half of such property only as had been acquired by the joint efforts of herself and putative husband. Likewise, in the case of Routh v. Routh, 57 Texas, 589, the property involved was acquired by the joint labor of the parties in the putative marriage, as shown on pages 593 and 594 of the report of that case.

In the case of Barkley v. Dumke, 99 Texas, 153, the cases of Morgan v. Morgan and Lawson v. Lawson are approved and the

court uses the following language: "Therefore we think it should be taken as the settled doctrine in this State, that in case of a marriage of the character of that in controversy, the putative wife, so long as she acts innocently, has as to the property acquired during that time the rights of a lawful wife." In that case, however, the property in controversy was exclusively the property of the putative wife, and further than the general terms used, there is nothing to indicate that the Supreme Court intended to extend the doctrine of the two cases of Morgan v. Morgan and Lawson v. Lawson, and to hold that the putative wife is entitled to one-half of the property acquired by the husband during the marriage, but which was not acquired by the joint efforts of the two. It seems to the writer that the language quoted above from the Supreme Court, if construed literally and without limitation, would sustain the claim of the putative wife to administer as survivor of the community upon all property acquired by her and her putative husband during the existence of the assumed relation of husband and wife, contrary to the doctrine announced by Justice Williams in the case of Chapman v. Chapman, 32 S. W., 564, and would also sustain the claim of the putative wife, in case she survive him, to an inheritable interest in property acquired by the husband during the existence of the putative marriage, even though acquired by gift, devise or descent.

In the case of Allen v. Allen, 105 S. W., 54, by this court, and 101 Texas, 362, by the Supreme Court, the right of the putative wife to one-half the property involved was recognized. However, the property involved in that case consisted of a tract of one hundred and sixty acres of land which was brought by the husband on a credit and afterwards paid for by money acquired by the putative wife by gift from her mother, and a block of land in the town of Tolar, which was purchased with proceeds of crops raised on the one hundred and sixty acre tract, and all of the property was acquired during the putative marriage.

In the writer's investigation of the decisions of our State no case has been found holding that property not acquired by the joint labors of the partners of a putative marriage would be owned by them jointly, even though the same might be the community property of the husband and his lawful wife under article 2968, above quoted. If that question has never been *settled* by the decisions of our State, then it was certainly not intended to be embraced in the language of the Supreme Court in the case of Barkley v. Dumke, quoted above, "Therefore we think it should be taken as the *settled doctrine* in this State," etc. (Italics mine.)

It can not be said that the cause of action in favor of J. P. Robertson accruing by reason of the injuries he received in the accident in controversy, and immediately upon the happening of the accident, was acquired by the joint labors of himself and Mrs. Maggie Robertson. No evidence was introduced to show that J. P. Robertson ever entered into a contract with Mrs. Maggie Robertson, specifically conveying to her an interest in the cause of action, and to say that she had such an interest would be to say

that such an interest accrued to her as an incident to her marriage contract.

In the case of Chapman v. Chapman, 32 S. W., 564, Justice Williams, now of our Supreme Court, said: "The right given by our statutes to the survivor of a marriage to administer the estate of the deceased spouse and the property which belonged to them in common (Rev. Stats., arts. 2165-2167-2181), is given to him or her who is recognized by the law as the lawful husband or wife of the deceased, and as appellant was never lawfully married to Thomas Chapman, she had not the right to administer in preference to anyone else. For the same reason there was no community estate, such as is contemplated by the statute, between herself and the deceased. The community estate is created by law as an incident of marriage and does not arise from contract between the parties. It is created by law only as between those who occupy towards each other the relation of husband and wife."

Statutes governing the subject matter of a contract are as much a part of the contract as though expressed therein, and in this sense are incidents to the contract. 11 Cent. Digest, sec. 750, and authorities there cited. Obviously, this announcement has reference to contracts only which are legally binding. The statutes defining property rights of husband and wife became a part of the marriage contract between J. P. Robertson and his lawful wife, Mrs. Annie Budd, but did not become a part of the marriage contract between J. P. Robertson and Mrs. Maggie Robertson, as J. P. Robertson was not legally capable of entering into the last named contract and the same therefore had no binding effect in law upon either of the parties.

To establish an arbitrary rule that in all cases a putative wife is entitled to a half interest in such a cause of action as this, accruing to her de facto husband, when she contributes nothing to its acquisition, and thus reduce the interests of the lawful wife and children therein to one-half, regardless of how short may be the duration of that relation, regardless of the pecuniary value of such a claim, and regardless of equities even, in favor of the lawful wife, in whom the statute has vested a one-half interest in the cause of action, would, in my opinion, extend protection to the putative wife further than is warranted by our decisions, and further than the principles of equity would require.

It would be difficult, if not impossible, to determine how much the efforts of each partner to a putative marriage contract had contributed to the purchase of property acquired by the joint labors of both, and it is well settled that in the absence of proof of an agreement to a contrary effect, parties to a partnership will be held to be equal partners. Likewise, parties contributing to the purchase of property for their joint use and benefit, but not as partners, strictly speaking, are presumed to own the same in equal interests, in the absence of proof that one contributed more than another, or that by contract between them it was agreed that the interest of one should be greater than that of another. Upon this theory the decisions above cited and discussed, holding that property

acquired by the joint labors of the parties to a putative marriage is owned by them in equal interests, can be sustained without attaching to such a marriage contract the incidents attached by our statutes to a lawful marriage contract. If some of the statutory incidents of a lawful marriage contract are to be held incidents of a putative marriage contract also, I can perceive no valid reason why all of those incidents should not so attach, and thus give the putative wife the right to plead coverture against her contracts other than for necessaries and for the benefit of her separate estate, an inheritable interest in the separate estate of the husband, homestead rights and all other rights given by statute to a lawful wife. If some of these rights are to attach to the putative marriage contract as incidents thereto, and others denied, where shall the boundary line be drawn between such as do and such as do not so attach?

The fact that Mrs. Maggie Robertson nursed J. P. Robertson in his illness resulting from the injuries for which this suit was prosecuted would no more entitle her to an interest in the cause of action than would the services rendered by his physician in treatment for the same injuries vest in him the right to recover for the infliction of those injuries.

For the reasons above noted I believe that the judgment in favor of Mrs. Maggie Robertson should be reversed and, as to her, judgment should be here rendered in favor of appellant.