GREEN v. GREEN. (No. 5296.)

(Court of Civil Appeals of Texas. San Antonio. May 20, 1914.)

MARRIAGE (§ 54*)—PUTATIVE MARRIAGE—SEPARATION—DIVISION OF PROPERTY.

Where plaintiff and defendant lived together as husband and wife and accumulated property, she being under the honest belief that she was such, when, in fact, they were never legally married, she was entitled on separation to an award of one-half of the property acquired during the existence of the putative marriage.

[Ed. Note.—For other cases, see Marriage, Cent. Dig. §§ 93–103, 105, 106, 109; Dec. Dig. § 54.*]

Appeal from District Court, Harris County; Norman G. Kittrell, Judge.

Action by Sallie Green against James J. Green. Judgment for plaintiff, awarding her one-half of the property acquired by the parties during the existence of a putative marriage, and defendant appeals. Affirmed.

Jackson & Dickson, of Houston, for appellant.

FLY, C. J. This is a suit for divorce and to partition community property, instituted by appellee. The cause was tried without a jury, and judgment was rendered that the parties were never legally married, but that the lots of land were acquired while they "were living together as man and wife, and were acquired by their joint labors, she being in the honest belief that she was his wife." The divorce was refused, but one-half the property was decreed to appellee.

There are no assignments of error in the record, and no motion for a new trial was filed. There is no basis for the so-called assignment of error found in the brief, which seeks to complain of a finding of the trial judge. There is no fundamental error apparent of record. The right of the innocent wife to one-half of the property acquired during the existence of the putative marriage is well established by decisions of the appellate and Supreme Courts of Texas. Barkley v. Dumke, 99 Tex. 150, 87 S. W. 1147; Railway v. Robertson, 103 Tex. 504, 121 S. W. 202, 131 S. W. 400, Ann. Cas. 1913A, 231; Chapman v. Chapman, 16 Tex. Civ. App. 383, 41 S. W. 533; Lawson v. Lawson, 30 Tex. Civ. App. 43, 69 S. W. 246. We must, in the state of the record, presume that the facts sustain the recitals in the judgment.

The judgment is affirmed.