ETHEL HOPKINS McLARRY, PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8490. Promulgated November 5, 1927.

1. Husband and wife were domiciled in Texas. The wife reported one-half of the income received in 1924 from services rendered by the husband and claimed such amount to be earned income within the provisions of section 209, Revenue Act of 1924. *Held*, such earnings of the husband are not earned income of the wife.

2. Under the laws of Texas, the wife's interest in community income arises from the marital relationship, irrespective of the performance of any services by her.

3. *Quaere*, whether the decisions of the state courts need to be considered in determining what constitutes earned income under the Revenue Acts.

*Walter M. Van Nort, Esq.*, for the petitioner.
*George G. Witter, Esq.*, for the respondent.

The Commissioner determined a deficiency of $31.53 in income tax for 1924, from which determination the petitioner appealed to the Board. The facts were admitted in the pleadings or stipulated at the hearing.

FINDINGS OF FACT.

The petitioner is a resident of Texas and was such during 1924. Petitioner and her husband filed separate returns of income, the petitioner reporting as income $9,188, which was one-half of the earnings of her husband from personal services performed by him. In computing her tax liability, petitioner claimed said $9,188 to be earned income under the provisions of section 209 of the Revenue Act of 1924. The Commissioner held such amount was not earned income of the petitioner, reduced earned income to $5,000 and computed the deficiency here in question, no other adjustments being made.

OPINION.

PHILLIPS: The sole question involved is whether the one-half of the amount earned by a husband from his personal services and reported by the wife as her income under the community property laws of Texas, is subject to taxation as earned income of the wife. Section 209 of the Revenue Act of 1924, so far as material, provides:

(a) For the purposes of this section—
(1) The term " earned income " means wages, salaries, professional fees, and other amounts received as compensation for personal services actually rendered, but does not include that part of the compensation derived by the taxpayer for personal services rendered by him to a corporation which represents a distribu-

tion of earnings or profits rather than a reasonable allowance as compensation for the personal services actually rendered.

This section then goes on to provide in substance that such income shall be taxed at a lower rate than other income which is subject to normal tax.

It is contended by counsel for the petitioner that under the decisions of the Texas courts earnings of the husband and the wife are the product of their joint labor and are community property. That such earnings are community property and that in Texas each acquires an interest in them seems beyond doubt. The basis for the interest, however, is not so clear. Does it arise because the earnings are deemed by the law to be the product of their joint efforts or does it arise because of the marital status?

Quotations may be had from the decisions of the Texas courts supporting either view. On examination of the cases, however, it will appear that the language used was not necessary to the decision, and that these conflicting statements of the theory behind the law are of little help in determining the question before us. Under either theory the result would be the same.

We pass then to a consideration of the facts in particular cases passed upon by the Texas courts.

In *Merrell* v. *Moore*, 104 S. W. 514, it appeared that Merrell abandoned his wife and never returned to her. Subsequently, she received information that he had divorced her and she married one Moore. Merrell subsequently died and after his death she learned that he had never divorced her. She brought suit for one-half of the property which Merrell had accumulated between the date of his marriage and his death. She was successful in her suit, the court saying:

The marriage relation when once established, continues until dissolved by death or judicial decree, and all property acquired by either the husband, or wife during the marriage, except such as is acquired by gift, devise or descent is by statute made their common property. This community of interest is not made to depend upon the acquisition of the property during the time the parties actually live together, nor upon the fact that there was an equal amount of labor or capital contributed by the husband and wife in its accumulation. It is the property acquired during the marriage that shall be deemed the common property of the husband and wife, and the right to an equality of enjoyment and division thereof, regardless of whether the one or the other contributed little or nothing in its acquisition. Therefore, had the separation of the wife from the husband been by mutual consent, it would not have affected her right in the community property, although derived solely from the efforts of the said husband.

In *Chapman* v. *Chapman*, 32 S. W. 564, it appeared that the deceased married Johanna and later married Emma, who was ignorant of the previous marriage. The court held that the only com-

munity estate was that of decedent and Johanna, that no community estate existed as to Emma and that Emma was not entitled to administer the estate. It suggested that if Emma had any interest in the estate, it was different from that given to a wife. In the course of its opinion the court says:

The community estate is created by law as an incident of marriage and does not arise from contract between the parties. It is created by law only as between those who occupy towards each other the relation of husband and wife. If appellant (the putative wife) had an interest in any of the property, it was because she acquired right or title to it in some other way than by the mere operation of the statute under which the right to half of the property acquired by either husband or wife during marriage is vested in the wife. Such right is given by law to the wife, as such, because she is the wife, and not because of the performance of services to the husband, or because she is permitted by her companion to assume the station and enjoy the other privileges belonging-to a wife, where she is not such in law and fact.

Under similar circumstances the Texas courts have held that the putative wife, who has acted in good faith, will be entitled to one-half of the property acquired by the joint labor of the two. *Barkley* v. *Demke*, 87 S. W. 1147; *Morgan* v. *Morgan*, 21 S. W. 154; *Lawson* v. *Lawson*, 69 S. W. 247. In *Ft. Worth & R. G. Ry. Co.* v. *Robertson*, 131 S. W. 400, it was held that this interest of the putative wife did not apply to all property acquired during coverture but only to so much as was the result of their joint efforts.

From a consideration of these and other Texas decisions we reach the conclusion that the interest of either spouse in the earnings of the other arises as a matter of law from the marital relationship and as a matter of fact does not depend upon the existence of any joint effort.

The income-tax statute here under consideration defines earned income to mean " amounts received as compensation for personal services actually rendered." We find no basis in the facts here shown to hold that one-half of the income from the services rendered by petitioner's husband was in fact, or in contemplation of the laws of the State of petitioner's domicile, received as compensation for personal services actually rendered by this petitioner.

For the purposes of this opinion we have assumed that counsel for petitioner are correct in their contention that the decisions of the state court would be accepted as binding in determining whether or not the amount in question came to the wife as earnings from her services. It is by no means clear that the legal principle relied upon by counsel goes to any such extent, for it may well be that the statute grants the preferences only to the one who performs the services for the employer, without regard to the ultimate disposition of the proceeds under the state law. See *United States* v. *Robbins*, 269

U. S. 315. If such be the proper interpretation of the statute the petitioner would be without any ground on which to base her contentions.

Reviewed by the Board.

*Decision will be entered for the respondent.*