## BARNES v. MISSOURI, K. & T. RY. CO. OF TEXAS. (No. 10205.)

Court of Civil Appeals of Texas. Dallas.
June 23, 1928.

Death ⊙�022;31(6)—Plaintiff held not "surviving husband" entitled to sue; deceased having obtained mere interlocutory order in divorce suit against another (Rev. St. 1925, art. 4675).

Plaintiff was not the "surviving husband" of deceased, within Rev. St. 1925, art. 4675, enumerating those who may sue for death, though he and she had in good faith been married in California, after she in a divorce suit in that state against another to whom she had been married, had obtained an interlocutory order adjudging that, after a year, final judgment dissolving the marriage between the parties to the suit might be entered, no final judgment having ever been entered, so that, under the laws of that state, her first marriage remained in force up to date of her death, within two years after the order.

[Ed. Note.—For other definitions, see Words and Phrases, Surviving Husband.]

Appeal from District Court, Dallas County; Claude M. McCallum, Judge.

Action by George Marshall Barnes against the Missouri, Kansas & Texas Railway Company of Texas. Judgment for defendant, and plaintiff appeals. Affirmed.

Currie McCutcheon, of Dallas, for appellant.

C. C. Huff and J. M. Chambers, of Dallas, for appellee.

VAUGHAN, J. Appellant instituted his suit in the court below to recover damages on account of the death of one Norma Blanche Barnes, December 24, 1926, which was alleged to have been the result of negligence of appellee in the operation of its locomotive engine and train of cars. Appellant alleged that he was the surviving husband of the said Norma Blanche Barnes, and that she left no surviving children. The case was submitted to the court without the intervention of a jury, and resulted in judgment in favor of appellee. But one question is presented by this appeal, viz.: Was appellant within the meaning of the following provision of article 4675, R. C. S. of Texas 1925, viz.: "The action shall be for the sole and exclusive benefit of and may be brought by the surviving husband, wife, children and parents of the person whose death has been caused, or by either of them for the benefit of all"—the surviving husband of the said Norma Blanche Barnes?

This cause was tried upon an agreed statement of facts, from which we extract the following material facts:

The maiden name of Norma Blanche Barnes, for whose death this action is brought, was Norma Blanche Proctor. On April 22, 1921, in the city of Toronto, Dominion of Canada, the said Norma Blanche Proctor was married to and became the lawful wife of Thomas Hatton Fearnley, a resident citizen of said city, with whom she lived as his wife until August 6, 1921, when by mutual consent they separated with the intention on the part of both to no longer live together as husband and wife. That, subsequent to said separation, said Norma Blanche Proctor removed to and became a resident of Los Angeles county, Cal., and on February 23, 1924, filed her suit for divorce in the superior court of Los Angeles county, Cal., against the said Thomas Hatton Fearnley, alleging her marriage on April 22, 1921, to Fearnley in Toronto, Canada, his desertion of her, and prayed for judgment dissolving the bonds of matrimony and for the restoration of her maiden name. That said court had jurisdiction under the laws of California to hear and determine said cause. That said Fearnley, as defendant, was legally served with notice of the filing of said suit, and on April 30, 1924, appeared and answered therein by general denial. On May 15, 1925, said court heard the evidence in said cause, and on said date entered an interlocutory order, adjudging that the allegations of plaintiff were true, and that, when one year from that date expired, a final judgment dissolving the marriage between said plaintiff and defendant might be entered in said cause. That no final judgment was ever entered therein dissolving said marriage, and, under the laws of the state of California, and then, and at all times since the date of said interlocutory order, up to the date of her death, said marriage was in force and effect. That said interlocutory order in no way affected the bonds of said marriage, or gave either party thereto any right except the right to have a final judgment of divorce rendered and entered after the expiration of one year after the date of such order. That subsequently, on the 17th day of August, 1925, plaintiff herein procured a marriage license in due

form from the county clerk of San Diego county, Cal., authorizing the marriage of himself and the said Norma Blanche Proctor, she being named in said license Norma Proctor, and on said date, by virtue of said license, said parties were duly and legally married, in conformity with the laws of California. That at the time of their said marriage, plaintiff and the said Norma Blanche Proctor both believed that she had been, by the said superior court of Los Angeles county, Cal., in said cause lawfully divorced from her former husband, Thomas Hatton Fearnley, and the deceased and the plaintiff each believed at the time of their marriage, and continuously up to her death, that there existed no lawful impediment to their marriage and living together. That deceased was present when plaintiff applied for said marriage license, and represented to the officer issuing same that she was a single woman and that her name was Norma Proctor. That said Norma Proctor represented generally, prior to said marriage, that she was a single woman, had no husband, and was entitled to lawfully marry the plaintiff. That she was told by her attorney, who represented her in the divorce case, that she had been lawfully divorced and so informed plaintiff prior to their said marriage. That plaintiff did not know that there was any defect in the divorce proceedings, or or that final decree had not been rendered. That immediately after the marriage plaintiff and the deceased assumed the relationship of husband and wife, which continued from that time up to the date of the death of the said Norma Blanche Barnes, December 24, 1926. That her death resulted from a collision of the automobile in which she was riding with the locomotive engine and train of cars then being operated by the defendant in Dallas county, Tex. That the plaintiff and the deceased, when they married, intended to live together as man and wife during the balance of their natural lives, which intention was never changed. That the deceased left no children surviving her, she having died without issue. It was further admitted that the death of Norma Blanche Barnes was the proximate result of the negligence of defendant, its servants and agents, as alleged by plaintiff, and that if, under the foregoing agreed facts, plaintiff is the surviving husband of said deceased, within the meaning of article 4675, R. C. S. 1925, then he is entitled to recover herein in the sum of $6,000 and costs of suit.

By his first proposition, appellant contends that:

"The court erred in rendering judgment against the plaintiff and in favor of the defendant, because the undisputed evidence showed that the plaintiff is the surviving husband of the deceased, Norma Blanche Barnes, within the meaning of article 4675, R. C. S. 1925."

Appellee counters the above proposition as follows:

"Having married Norma Blanche Proctor Fearnley, deceased, after she had become legally bound to Thomas Hatton Fearnley, as his wife, until released by death or decree of some tribunal thereunto lawfully empowered, and no such release having been had prior to her death, appellant was not the husband of deceased within the meaning of article 4675, R. C. S., and is not entitled to recover damages for her death."

We are of the opinion that appellant's proposition should be overruled and appellee's counter proposition sustained. Article 4675, R. C. S. of Texas 1925; Chapman v. Chapman, 88 Tex. 641, 32 S. W. 871; Chapman v. Chaman, 11 Tex. Civ. App. 392, 32 S. W. 564; Fort Worth & Rio Grande Ry. Co. v. Robertson, 103 Tex. 504, 121 S. W. 202, 131 S. W. 400, Ann. Cas. 1913A, 231; Barkley v. Dumke, 99 Tex, 150, 87 S. W. 1147; U. S. Fidelity & Guaranty Co. v. Dowdle (Tex. Civ. App.) 269 S. W. 119.

The trial court properly determined this cause, and its judgment is accordingly affirmed.

Affirmed.