## SANCHEZ et al. v. TEXAS EMPLOYERS' INS. ASS'N.

### No. 8851.

Court of Civil Appeals of Texas. San Antonio.

May 25, 1932.

Rehearing Denied June 22, 1932.

W. C. Williams and C. J. Andrews, both of San Antonio, for appellants.

Eskridge & Groce, of San Antonio, for appellees.

COBBS, J.

This suit arose as an appeal from an award of the Industrial Accident Board under the Workmen's Compensation Law (Vernon's Ann. Civ. St. art. 8306 et seq.). Pedro Sanchez, the employee whose injury and resulting death therefrom gave rise to this proceeding, died on May 1, 1926, as the result of an injury received while in the employment of the McKenzie Construction Company, engaged in building what is known as the Olmos Dam in Bexar county, Tex. During his lifetime there had been four women claiming to have been his wife, three of whom survived him, to wit, Juana Reyes, Rebecca Rodriguez, and Florencia Sanchez; the last named having been plaintiff in the trial court. The fourth alleged wife, Francisca Mendoza Sanchez, died in 1918. Surviving Pedro Sanchez, and also claiming as beneficiaries, were two children, Mauricia Sanchez, daughter of Pedro and Francisca Mendoza, and Epifania Sanchez, daughter of Pedro and appellant Rebecca Rodriguez. The appellants herein are the minor Epifania Sanchez and her mother, Rebecca Rodriguez. The appellee Texas Employers' Insurance Association made settlements with said Florencia Sanchez and Mauricia Sanchez, which settlements were approved by judgments of the trial court and which judgments found the settlements to be fair, just, and equitable.

This suit was begun February 18, 1927, by Florencia R. de Sanchez, as sole plaintiff in the court below, naming as defendants the appellee and the appellants in this case, together with Mauricia Sanchez and C. J. Andrews, attorney for the appellant Rebecca Rodriguez. Plaintiff sued to set aside the award of the Industrial Accident Board as being incorrect and improper and alleged that plaintiff was entitled to one-half of the compensation due. All defendants named were duly served. On February 23, 1927, appellee, within twenty days after the final award of the Industrial Accident Board, answered said petition, filing cross-action and seeking affirmative relief as against plaintiff therein and all other defendants seeking to set aside the award of the Industrial Accident Board. Settlement having been made and approved, as above set out, between this appellee and Mauricia Sanchez, the cause proceeded to trial on October 12, 1931, before a jury. The plaintiff Florencia R. de Sanchez withdrew from the case during the trial upon the approval of an agreed judgment in her favor against the appellee, as also above set out. Thereupon, after all parties had rested, the court granted a motion of the appellee for an instructed verdict and on such instructed verdict the court rendered its judgment. The defendants in the court below, Epifania Sanchez and Rebecca Rodriguez, moved for a new trial and on its refusal are prosecuting this appeal.

The brief of appellant is based upon three main contentions. When one party gives notice and files suit to set aside an award of the Industrial Accident Board, naming as defendants all other parties to the said award, such action brings all issues and parties before the court for trial de novo, and cross-action by one of the named defendants to set aside the award need not be preceded by said named defendants giving notice of dissatisfaction, but the court acquires jurisdiction over all parties and issues and the whole cause is before the court

820

in the manner and within the time required by the Workmen's Compensation Act.

█ In an appeal from an award of the Industrial Accident Board the wage rate of the deceased employee, compensation for whose death is being sought, must be proved under proper pleadings in order to sustain a judgment, and in the absence of such pleadings and proof it is not error for the court to instruct a verdict against the claimants.

██ When a deceased employee leaves surviving two claiming the wife's portion of compensation as putative wives, the one with whom he was living for your years preceding and to whom he was married prior to his death should recover the wife's portion, and the one who separated from him four years prior to his death should receive nothing. A minor child of a deceased employee by a bigamous marriage cannot be a beneficiary entitled to compensation for his death. Maryland Casualty Co. v. Baker (Tex. Civ. App.) 277 S. W. 204, 205; Ocean Accident & Guarantee Corp. v. McCall (Tex. Civ. App.) 25 S.W. (2d) 653; Texas Employers' Insurance Ass'n v. Romero (Tex. Civ. App.) 45 S.W.(2d) 333; Southern Casualty Co. v. Fulkerson (Tex. Com. App.) 45 S.W.(2d) 152.

█ Pedro Sanchez had four wives and was never divorced from the first one, Juana Reyes, who survived him. All of the other three were putative wives, and the first one of these, Francisca Mendoza, died, and Rebecca Rodriguez and Florencia R. de Sanchez, plaintiff below, survived him as putative wives. Pedro and appellant Rebecca Rodriguez separated in 1922. Immediately after said separation Pedro and Florencia, the plaintiff below, began living together as man and wife, were married some time prior to Pedro's death in 1926, and for the whole period of four years Florencia lived with Pedro as man and wife, took care of him and attended him, and after his death paid all of the expenses incident thereto. So appellant Rebecca Rodriguez is not entitled to receive compensation for the death of Pedro Sanchez, and the wife's share of the compensation would be payable either to Juana Reyes, his first and only legal wife, or to Florencia R. de Sanchez, his putative wife, at the time of his death, and since Juana Reyes has made no claim for compensation, the said Florencia R. de Sanchez was the only one who could lawfully claim or receive compensation as the wife of Pedro Sanchez.

█ This compensation is held to be community property. Texas Employers' Insurance Association v. Boudreaux (Tex. Com. App.) 231 S. W. 756; Gates v. Texas Employers' Insurance Association (Tex. Civ. App.) 242 S. W. 249; Lee v. Lee, 112 Tex. 392, 247 S. W. 828; Barkley v. Dumke, 99 Tex. 150,

87 S. W. 1147; Mendez v. Mendez (Tex. Com. App.) 277 S. W. 1055; Green v. Green (Tex. Civ. App.) 167 S. W. 263.

█ Therefore, the wife's portion having been properly paid to the proper person and the portion of one of the two surviving minors having been properly paid to Mauricia Sanchez, the minor appellant, Epifania Sanchez, would have been entitled only to one-fourth of the compensation had she properly pleaded and proved her case, but having had her day in court and having failed so to do, she is now entitled to nothing.

Having disposed of all the questions raised, the judgment is affirmed.