

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

JOHN BEN SHEPPERD
ATTORNEY GENERAL

March 7, 1947

Hon. George T. Thomas     Opinion No. V-77
County Attorney
Howard County           Re:   Whether or not a girl of 17
Big Spring, Texas                years of age who has been
                                       married may be tried for
                                       crime under the general pe-
                                       nal statutes, or should be
                                       treated in law as a "delin-
Dear Sir:                                quent child".

         We beg to acknowledge receipt of your letter
making request for an opinion by this department on the
above titled subject matter, your letter being as fol-
lows:

         "Is a girl who is 17 years of age, but
who has been married, to be tried and punish-
ed under the general penal statutes as a grown
person for offenses which she commits, or is
she a "delinquent child" and to be tried and
treated as such."

         Chapter 204, Senate Bill No. 44 of the 48th
Legislature, at its Regular Session, (Vernon's Codifi-
cation of the Civil Statutes, Art. 2338-1), is a com-
prehensive law upon the subject of delinquent children.

         Among its provisions are the following:

         "Sec. 3. The term 'delinquent child' means
any female person over the age of ten (10) years
and under the age of eighteen (18) years and any
male person over the age of (10) years and under
the age of seventeen (17) years. * * * "

         "Sec. 12. If during the pendency of a crim-
inal charge or indictment against any person in
any other court than a Juvenile Court, it shall
be ascertained that said person is a female over
the age of ten (10) years and under the age of
eighteen (18) years, or is a male person over

the age of ten (10) years and under the age
of seventeen (17) years, at the time of the
trial for the alleged offense, it shall be
the duty of such court to transfer such case
immediately together with all papers, docu-
ments and testimony connected therewith, to
the Juvenile Court of said county. * *.*. "

"Sec. 13. No adjudication upon the sta-
tus of any child in the jurisdiction of the
court shall operate to impose any of the civil
disabilities ordinarily imposed by conviction,
nor shall any child be deemed a criminal by
reason of such adjudication, nor shall such ad-
judication be deemed a conviction, nor shall
any child be charged with or convicted of a
crime in any court. * * * "

"Sec. 17. No female person over the age
of ten (10) years and under the age of eight-
een (18) years, or any male person over the
age of ten (10) years and under the age of
seventeen (17) years, shall be placed or com-
mitted to any compartment of any jail or lock-
up in which persons over juvenile age are in-
carcerated or detained; * * *. "

Moreover, by that act the juvenile proceeding
is made a civil proceeding, appeals in which are to be
taken to the Court of Civil Appeals, and may be carried
to the Supreme Court by writ or error or upon certifi-
cate as in other civil cases, (Sec. 21), and the pro-
ceeding is declared to be "in the nature of a guardian
method." (Sec. 25).

The article contains no exception to the above
emphatic classifications.

Article 4625 of the Revised Civil Statutes de-
clares that:

"Every female under the age of twenty-one
(21) years who shall marry in accordance with
the laws of this state, shall, from and after
the time of such marriage, be deemed to be of
full age and shall have all the rights and priv-
ileges to which she would have been entitled
had she been at the time of her marriage of
full age."

From a consideration of these two statutes (both of which you have cited in your request) it is clear, we think, there is no conflict between them. If there should be irreconcilable conflict, however, the Delinquent Child Act being the later, would, by implication repeal the former statute insofar as the conflict extended.

It is clear, however, that the only effect of Article 4625 is to emancipate any female of marriageable age from the disabilities of minority upon her marriage. It has been held that this is true even though the marriage was in law a void marriage. (See Barkley vs. Dumke, 87 S. W. 1147).

We express no opinion upon the right of the state to maintain a prosecution against the delinquent female after she arrives at the age of eighteen (18) years. That question is not before us, and we understand such a question is now pending under submission in the Court of Criminal Appeals.

### SUMMARY

(1) A female seventeen (17) years of age, who is married, does not thereupon become subject to a criminal prosecution. (Vernon's Civil Statutes, Art. 2338-1)

(2) Article 4625 of the Revised Civil Statutes providing "that females under 21 years of age upon marriage are deemed to be of full age, and shall have the rights and privileges to which she would have been entitled had she been at time of marriage of full age", has no bearing upon the question of crime by a delinquent juvenile. (Art. 2338-1, Sec. 3, Vernon's Civil Statutes).

APPROVED MAR. 7, 1947

*Price Daniel*
ATTORNEY GENERAL
APPROVED OPINION COMMITTEE
BY  BWB , CHAIRMAN

OS:acm:mj

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By  *Ocie Speer*

Ocie Speer
Assistant