S. B. Burnett et al. v. E. Friedenhaus.

No. 115.

1. **Charge of Court—Evidence Held to Raise Issue.**—Where plaintiff gave in evidence a transfer purporting to have been executed and signed by W.. and defendant offered testimony to the effect that W. could neither read nor write, an issue was thereby raised as to whether the instrument was executed *by authority* of W., and this question was therefore properly submitted by the court to the jury.

2. **Practice on Appeal — Assignment of Error.** — Where an assignment complains that the court erred in allowing a certain conveyance to be read to the jury " over the several objections made thereto by the defendants, as shown by their bill of exceptions number 1," and no propositions or statements are submitted under the assignment, and the briefs do not state what the objections were, such assignment is bad.

3. **Same.**—An assignment which complains that the court erred " in refusing to give special instructions numbers 1, 2, 3, 4, and 5, asked by defendants," is too general, and propositions submitted thereunder will not be considered.

APPEAL from Wichita.  Tried below before Hon. P. M. STINE.

*Flood & Cobb*, for appellants.—The court erred in the charge, and the same was misleading, in submitting to the jury the question whether the purported transfer of the certificate was executed by Gadi West, or was done by his authority, when there was no evidence tending to show it was done by his authority, and no issue to that effect.  Hutchins v. Masterson, 46 Texas, 551.

*L. T. Miller*, for appellee.— 1.  The jury had the right to infer or presume that the transfer was executed by West, or by his authority, from all the facts and circumstances in the case, especially from his subsequent acts.  Willis v. Lewis, 28 Texas, 192; Mapes v. Leal's Heirs, 27 Texas, 346; Newby v. Haltaman, 43 Texas, 316; Railway v. Chandler, 51 Texas, 416; Stroud v. Springfield, 28 Texas, 664.
2.  Appellant's fourth assignment is not specific enough to require the appellee to answer or the court to examine.  Rules 24 and 25, Sup. Ct.; White v. Wadlington, 14 S.W. Rep., 296; Jackson v. Cassidy, 68 Texas, 282.

STEPHENS, ASSOCIATE JUSTICE.—This action was brought by appellee to recover 177 acres of land situated in Wichita County.  The land was located many years ago by virtue of an unlocated balance of the headright certificate issued to Gadi West, but no patent ever issued.  Appellee deraigned title by mesne conveyance from West.  The matter in controversy was the genuineness of the conveyance from West to one William C. Boone, which bears date July 5, 1838, and was acknowledged July 25, 1852.  This issue was submitted to the jury, and our conclusion is, that their finding in favor of its genuineness is supported by the evidence.  It is undisputed that appellee had whatever title Boone acquired by that conveyance.

Appellant's first assignment of error complains of the charge of the court in submitting to the jury the question, whether this purported transfer of the certificate from West to Boone was executed by authority of West, because the evidence did not raise this issue; the contention being that the charge should have confined the inquiry to the question, whether West executed it, without also submitting whether it was done by his authority.  There was testimony offered by appellants to the effect that West could neither read nor write.  The issue was therefore raised, whether

his name had been signed to the conveyance with or without his consent. It seems clear to us that this assignment is not well taken.

The second assignment complains that there was error in allowing this conveyance to be read to the jury over the several objections made thereto by the defendants, as shown by their bill of exceptions number 1. No propositions or statements are submitted under this assignment, nor are we in any way informed by the briefs what these objections were. It appears therefrom that there were several of them. This assignment is therefore manifestly bad.

The fourth assignment complains of the refusal of the court to give special instructions 1, 2, 3, 4, and 5. Appellee objects to our considering the propositions submitted under this assignment, because it is not sufficiently specific. Under the well settled rules of practice, therefore, we are precluded from considering these propositions.

The fifth and last assignment copied in the brief contains a series of objections to the verdict of the jury. We are of opinion that upon every issue raised in the case the verdict of the jury is supported by the evidence.

It follows from these conclusions that the judgment must be affirmed.

*Affirmed.*

Delivered March 2, 1893.