## JOHN B. DURRETT ET AL. v. JOHN B. ROBINSON, DISTRICT JUDGE.

### Motion No. 2368. Decided October 26, 1910.

**Mandamus—Local Option Election.**

Except as to localities specifically designated by the Constitution as those within which elections for the prohibition of the sale of intoxicating liquors may be held, viz.: a county, justice precinct, town, or city, the designation of other subdivisions of a county in which such elections may be had is committed by the Constitution to the Commissioners' Court of the County. The district judge properly refused to issue mandamus requiring the Commissioners' Court to order such election in a territory covered by several justice precincts, and he could not be compelled to issue such writ by application to the Supreme Court for writ of mandamus against him.

Motion by Durrett and others for leave to file in the Supreme Court a petition for writ of mandamus against Robinson as district judge.

*W. A. Butler, J. H. Evitts, J. A. Millerman* and *Durrett & Dyess,* for relators.

MR. JUSTICE WILLIAMS delivered the opinion of the court.

The petition accompanying the motion asks for the writ to compel the respondent, as district judge, to issue a mandamus to require the Commissioners' Court to order a local option election, which writ the respondent, after a hearing, has refused to grant.

Whether or not a case could ever be made in which this court could properly control by mandamus the judgment of a district judge in issuing or refusing such a writ, is a question which we need not decide, for the reason that the petition shows that respondent's action in this instance was plainly in accordance with law.

The Commissioners' Court had refused to designate the territory in which the petitioners sought to have the election ordered as a subdivision of the county for local option purposes and to order an election therein, and it was not one of those specifically designated by the Constitution, viz.: the county, justice's precinct, town or city. The designation of other subdivisions besides these is expressly committed by the Constitution to the Commissioners' Court, and the discretion allowed to that body can not be usurped by other courts. The effort of the petitioners was to have treated as a subdivision the territory covered by several justice's precincts, which is not one of those fixed by the law itself. While this court has recognized the proposition that a subdivision may lawfully be thus constituted by action of the Commissioners' Court in causing an election to be held therein, there is no authority whatever for the contention that it can be done without action from that court. That contention disregards the Constitution and the statute, which commit to the Commissioners' Court the question as to the propriety of making other designations than those specially made in the law itself, a discretion which can not be controlled by mandamus.

*Motion overruled.*