In re CHAPMAN'S ESTATE.  (No. 8274.)

(Court of Civil Appeals of Texas. Dallas. June 14, 1919.)

1. HUSBAND AND WIFE ⟨©⟩═276(1)—RIGHT OF SURVIVING WIFE TO ADMINISTER COMMUNITY.

Right of surviving wife until she again marries to administer under Vernon's Sayles' Ann. Civ. St. 1914, arts. 3592–3614, the community property free from control of the probate court is, unless in some way forfeited or waived, exclusive of any other form of administration or the right of any other person to administer.

2. HUSBAND AND WIFE ⟨©⟩═276(1)—RIGHT OF SURVIVING WIFE TO ADMINISTER COMMUNITY.

That surviving wife failed to file her application to be allowed to administer as survivor of the community property, free from control of the probate court, until after application for temporary and permanent letters of administration had been made by another and temporary letters granted, would not annul or work a forfeiture or waiver of wife's right, or deprive her of that right in view of Vernon's

Sayles' Ann. Civ. St. 1914, arts. 3595–3598, and article 3609, where wife made application in less than 4 months from date of husband's death.

3. EXECUTORS AND ADMINISTRATORS ⟨©⟩═122(1) —TEMPORARY ADMINISTRATOR—AUTHORITY— PRESUMPTION.

Where the power conferred on temporary administrator by his appointment does not appear, it may be assumed in the absence of anything showing necessity for greater authority that he was simply clothed with the usual powers of temporary administrators.

Appeal from District Court, Dallas County; W. F. Whitehurst, Judge.

In the matter of the estate of R. F. Chapman, deceased. From an order denying the application of Gussie Chapman, surviving wife, to be allowed to qualify and administer as survivor of community, she appeals. Reversed and remanded.

Scott & Fagan, of Dallas, for appellant.

Crane, Crane & Umphres, of Dallas, for appellee.

TALBOT, J.  This is an appeal from an order of the district court of Dallas county denying the application of Gussie Chapman, surviving wife of R. F. Chapman, deceased, originally filed in the county court, to be allowed to qualify and administer as survivor in community, under the provisions of chapter 29 of our statute, the community property of herself and deceased husband, free from the control of the probate court. The facts are agreed to, and are, in substance, as follows: The appellant, Gussie Chapman, on the 25th day of February, 1919, filed in the county court of Dallas county, Tex., an application in all respects complying with the statute authorizing the surviving spouse to qualify as survivor of the community estate and to administer such estate outside of the county court. This application was refused in the county court, and, upon appeal to the district court, was likewise refused by that court. R. F. Chapman, the deceased husband of Gussie Chapman, died intestate in Dallas county, Tex., on the 14th day of October, 1918. He left surviving him his said wife and three children, namely, Edna Earl, six years of age, Freda, four years of age, and James Carson, ten months of age. Since the death of her husband Mrs. Chapman has remained a widow. At the date of his death R. F. Chapman left a community estate owned by himself and the appellant, Gussie Chapman, but not separate estate. The homestead of the family was situated upon the community estate and at the commencement of this proceeding was occupied by the appellant and said children. At his death R. F. Chapman owed quite a number of debts, and on the 13th day of December, 1918, E. L. Tarver filed an application for appointment as tem-

⟨©⟩═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

porary and permanent administrator of his estate. Tarver was appointed and qualified as temporary administrator of the estate. No other application than the one filed on the 13th day of December, 1918, was filed for appointment as permanent administrator of said estate. On the 25th day of February, 1919, and before E. L. Tarver was appointed permanent administrator, and before he qualified as such administrator, Gussie Chapman, the appellant, as surviving widow of the said R. F. Chapman, filed her application in the county court for appointment as survivor of the community estate of herself and deceased husband, R. F. Chapman. In compliance with the prayer of this application appraisers were duly and legally appointed by the court, and an inventory and appraisement of the community property of appellant and her deceased husband were, by the appraisers, returned and filed. At the same time the appellant, Gussie Chapman, tendered to the court a good and sufficient bond as survivor of said community estate, but the court refused to permit appellant to qualify as survivor in community. After the filing of the application of Gussie Chapman, the appellant, for community administration, and on the 13th day of March, 1919, the county court appointed E. L. Tarver permanent administrator of said estate. There was no oral or written renunciation by Gussie Chapman of the right to administer the community property as survivor under the provisions of the statute invoked by her, and she was not disqualified to so administer it. She is claiming as her separate estate certain real property, which, although the recorded title thereto is in her name, the said E. L. Tarver asserts is community property.

[1] The sole question for decision is: Did the trial court err in refusing to allow Mrs. Chapman to qualify as survivor of the community estate of herself and deceased husband for the purpose of administering such estate independently of the county court? We conclude the question should receive an affirmative answer. The right of the surviving wife as such to so administer the community estate of herself and deceased husband when the statutory steps essential to the exercise of the right have been taken within the time prescribed is plainly defined and unequivocally conferred by statute. The right is not given only in the event no other mode of administering the estate has been applied for or is pending, but, unless in some way forfeited or waived, is exclusive of any other form of administration or the right of any other person to administer.

[2] Neither the mere fact that appellant failed to file her application to be allowed to administer as survivor until after E. L. Tarver had filed an application for temporary and permanent letters of administration on her husband's estate and the granting of tem-

porary letters, nor the prior filing of Tarver's application for letters of administration, annulled or worked a forfeiture or waiver of appellant's right to so administer, or operated in any way to deprive her of that right. The surviving wife may retain the exclusive management, control, and disposition of the community property of herself and deceased husband in the same manner and subject to the same rights, rules, and regulations as provided in the case of the husband until she shall marry again. Vernon's Sayles' Civil Statutes, art. 3609. And article 3595 of the statute referred to provides that the surviving husband who desires to control the community estate, when there is a child or children, shall within four years after the death of his wife, file an application in the county court setting up certain facts. Article 3596 of the statute requires the county judge, upon the filing of the application in term time or vacation, without citation, to appoint appraisers to appraise the estate. Article 3597 imposes upon the husband or wife the duty to make and file in the county court, with the assistance of any two of the appraisers, an inventory and list of claims; and article 3598 requires the giving of bond as therein prescribed. When such inventory, appraisement, list of claims, and bond are returned to the county judge, he shall, either in term time or vacation, examine the same and approve or disapprove them by an order to that effect entered upon the minutes of the court, and when approved the same shall be recorded upon the minutes of the court, and such order shall also authorize the survivor to control, manage, and dispose of such community property. When the order mentioned has been entered, such survivor, without any further action in the county court, shall have the right to control, manage, and dispose of such community property, real or personal, in such manner as may seem best for the interest of the estate and of suing and being sued with regard to the same. The statutes referred to conferring upon the survivor the absolute control over the community property upon compliance with the law in making his or her application, inventory, etc., are enabling acts intended to enlarge the powers of the survivor, and a surviving husband or wife qualifying thereunder is clothed with broader power than that possessed by an ordinary administrator, and the right of the survivor to avail himself or herself of such enlarged power cannot be defeated by the application of a creditor, or other qualified person to act, for ordinary letters of administration, or by the granting of such letters. The ordinary administration referred to may not only be prevented by those interested in the estate paying or offering to pay the creditors, or by executing a bond within the terms of the statute, but it may be defeated, so far as the administration of the community es-

tate is concerned, by the surviving. spouse complying with the provisions of the statute authorizing the survivor in community to administer the community estate independently of .and without the direction or control of the probate court. Under this form of administration the creditors and heirs are fully protected, and deprived of no remedy necessary for the enforcement of their rights. That our decisions are clear and unequivocal to this effect will not be gainsaid. The contention of counsel, who appeared in the lower courts and who appear in this court as amicus curiæ, to the effect that, the county court having lawfully assumed control of the community property of the survivor, Mrs. Chapman, and her deceased husband in a regular administration proceeding, the survivor cannot thereafter oust the court of such control by applying for appointment as survivor, is, in our opinion, as we have already indicated, clearly untenable. Mrs. Chapman , filed her application to be allowed to administer the community estate of herself and deceased husband as survivor in less than four months from the date of her husband's death, and at this time only a temporary administrator had been appointed, which appointment would, by operation of law, cease to be of force on the day designated for taking up probate matters at the first term of the court held next after the date thereof, unless continued in force by an order of the court entered upon the minutes of the court at that time.

[3] The rights and powers conferred upon the temporary administrator by the order appointing him does not appear, and it may be assumed, in the absence of anything showing the necessity for greater authority, that he was simply clothed with the usual power ordinarily given temporary administrators; that is, to take possession of and preserve the estate until a permanent administrator is appointed. But, even if a permanent administration has been pending when the appellant filed her application for permission to administer, as survivor, the community estate of herself and deceased husband, the same would not, in our opinion, have justified the court in refusing her application. The time for filing such application by her had not expired. She was not disqualified, and there is nothing in the record indicating that she consented to the appointment of E. L. Tarver as temporary administrator, or was estopped, if for any reason she could have been estopped, from ad-

ministering as survivor under the provisions of the statute. To hold that simply because application had been filed for an ordinary administration of the estate, or that such administration was pending at the time Mrs. Chapman filed her application to administer as survivor, she was deprived of the right to so administer, and therefore her application properly refused, would be going very far towards setting at naught the special proceeding provided by the Legislature whereby the surviving wife, within four years of the death of her husband, might withdraw the administration of the community estate from the county court and exercise absolute control over the property. For such a ruling would, in effect, make the right of the survivor to invoke the provisions of the statute' in question depend upon his or her ability, in a race with one desiring and seeking an ordinary administration, to get the application required by law filed before an application for an ordinary administration is filed and granted, notwithstanding the filing of the application required of the survivor meets the demands of the statute if filed within four years of the death of the deceased spouse. A number of cases have been cited in support of the proposition contended for by counsel appearing as amicus curiæ, but they are not in point. No case cited, and none we have found, holds that the mere pending of an ordinary administration deprives the' survivor in community of the right to qualify and administer the community estate under the statute. Nor is any case cited which holds that the court, having lawfully assumed control of the community property of the survivor and the deceased spouse in a regular or ordinary administration proceeding, cannot be ousted of such control by the survivor's application to be allowed to administer such property as survivor. According to the record before us the appellant, Mrs. Chapman, complied with the law authorizing the administration of the community estate of herself and deceased husband, by her as survivor, and an order giving her the control, management, and disposition of such estate should have been made and entered by the court below. The judgment of the · district court will therefore be reversed, and the cause remanded to be proceeded with in accordance with 'this opinion.

Reversed and remanded.