**DE GRUMMOND et al. v. SMITH.**
No. 2323.

Court of Civil Appeals of Texas. Eastland.
Jan. 8, 1943.

900

C. O. McMillan and J. A. Johnson, both of Stephenville, for appellants.

Allen Wight, of Dallas, and Tom L. Robinson, of Gatesville, for appellee.

FUNDERBURK, Justice.

■ This is an appeal by the guardian, and guardians ad litem, of Emerson H. Hawkins, a person of unsound mind, from a judgment of the District Court (on appeal from the County Court) approving the final account of Mrs. Memorie Hawkins Smith, the former guardian and former wife of the said Emerson H. Hawkins. The trial presumably was without a jury. There was no motion for new trial and no necessity therefor. Rule No. 324, Texas Rules of Civil Procedure. Under the circumstances, the law makes no requirement or provision for assignments of error, but, on the contrary, provides that "in such cases no assignments of error shall be necessary." Rule 374. Appellants set forth in their brief ten assignments of error, but we are unable to see that they can serve any unauthorized purpose or perform any essential function in view of the apparently mandatory direction of said Rule 374 that "Complaint of the action of the court on all matters arising under circumstances where no motion for new trial is required by these rules, if relied upon on appeal, *shall be included in the statement of points in the brief* as hereinafter provided." (Italics ours.) The words "as hereinafter provided" evidently refer to that part of Rule 418 reading as follows: "The brief for appellant should contain in the order here stated * * * (b) A statement of the points upon which the appeal is predicated, separately numbered in short form and without argument, and germane to one or more assignments of error when assignments are required. Such points will be sufficient if they direct the attention of the court to the error relied upon and they should ordinarily be so concisely stated that they may appear, separately numbered, on a single page of the brief." Appellants' brief contains a statement of seven points. It is to these we look for the questions presented for decision.

■ The action of the court made the basis of the first three points is the same, namely, the court's action in approving the guardian's final account. The first point is to the effect that the court erred in approving such final account because the pleadings and the evidence establish conclusively that the accounting did not include the amounts of her insane ward's funds expended for the benefit of the ward's family, without first procuring an order from the court committing him to guardianship authorizing such expenditures. The second point is stated thus: "The error of the court in approving final account of the Guardian where the guardian of an insane ward had received Fifty and No/100 Dollars ($50.00) per month of the ward's money each month from February 10, 1932, to November 20, 1935, for which she failed to account." As applicable to both points it has, in our opinion, been determined in Yates v. Watson, Tex.Com.App., 221 S.W. 966, that as to property of a ward's estate never inventoried, a final account of a guardian is not subject to contest upon the ground alone that such property is not therein accounted for, nor is the approval of a final account subject to review upon appeal or certiorari solely upon such ground. The appellants themselves introduced in evidence the inventory and appraisement in the guardianship proceeding in Erath County. According to that instrument the only property inventoried was the sum of $40 accrued upon "Disability allowance from the Veterans Administration in the amount of $40.00 per month." The record exhibits no attack as having been made upon the order approving the guardian's final account on the ground that it does not fully account for the $40. The procedure open to the appellants is pointed out in the case cited and need not be here repeated. We overrule appellants' first and second points.

■ As to the third point, the mere fact that failure of a final account to properly itemize expenditures would not constitute a good ground for refusal of the court to

approve the account if found correct. In other words, the court's action should have been invoked to secure a proper itemization or particularization of expenditures and complaint made of refusal, if any, of the court to do so. The same principle above discussed is applicable. The proposition involved in point three is analogous to a proposition to the effect that the court erred in rendering judgment for a party for the only reason that plaintiff's petition was subject to special exceptions urged. In such a case the court's action upon the special exceptions should be reviewed, and the propriety of such action would not be raised by a mere complaint against the final judgment.

 The fourth point is: "The error of the trial court in concluding that there could be two guardianships in two courts in one state (Texas) of one insane person." We are inclined to believe this point is well taken. It is, however, in our opinion, for more than one reason, immaterial. In the first place, no property inventoried in the proceeding in Hamilton County was included in the inventory and appraisement in the guardianship pending in Erath County, and what has been said upon the first and second points is therefore applicable here. In the second place, all the property involved was, we think, community property and the record discloses that the guardian qualified as survivor in community of herself and insane ward. In Re Chapman's Estate, Tex.Civ.App., 213 S.W. 989, it was held that the wife's right to qualify and administer the community estate was exclusive of regular administration. Whatever the general rule may be, we think the situation here is controlled by a statute. When the statutes relating to community administration were enacted it was specially provided therein (now R.S.1925, Art. 3683) as follows: "Persons now acting as guardians of the estate of persons of unsound mind shall turn over the estates of their wards, where the wards shall be married persons, upon the qualification of the sane spouse, as provided in this chapter." This statute spoke, of course, from the time of its original enactment, but it also speaks from the time of any of its several subsequent re-enactments. It clearly shows the legislative purpose and intent that the right of a survivor in community to administer the community property shall be superior to the right of a guardian of an insane person to administer. There would be no necessity where the qualified survivor in community was also the guardian for the guardian to turn over the property since there would be no change of possession.

 Upon the sixth point it is our conclusion that a merely voidable marriage is as it affects community property the same as a valid marriage up to the time it is adjudged void; and when such marriage is annulled it does not have the effect to change the character of the property or rights in reference thereto existing before the annulment. This conclusion, it is believed, is warranted by the following decisions: Smith v. Smith, 1 Tex. 621, 46 Am.Dec. 121; Lee v. Smith, 18 Tex. 141; Green v. Green, Tex.Civ.App., 167 S.W. 263; Forth Worth & R. G. R. Co. v. Robertson, 103 Tex. 504, 55 Tex.Civ.App. 309, 121 S.W. 202, 131 S.W. 400, Ann.Cas. 1913A, 231.

Upon the seventh point, namely, "The error of the court in concluding that one first appointed guardian of an insane ward might later be appointed community administrator and as such expend his funds without regard to the guardianship proceeding", we have already expressed our conclusion in the discussion of the fourth point above. Decisions may be found which by analogy would seem to support the contention, but we think the special statute above quoted not only justifies, but requires the conclusion we have reached and which we think to be in accordance with In re Chapman's Estate, supra.

On the whole it is our conclusion that, notwithstanding the many and serious irregularities in the proceedings exhibited by the record, including even the total invalidity of some of them. Appellants' several points present nothing warranting this court to reverse the judgment of the court below approving the guardian's final account; that therefore, said judgment should be affirmed, which is accordingly so ordered.