## TEXAS EMPLOYERS' INS. ASS'N v. GRIMES et al.

### No. 12509.

Court of Civil Appeals of Texas. San Antonio.

Feb. 18, 1953.

Rehearing Denied March 25, 1953.

Eskridge, Groce & Hebdon, San Antonio, for appellant.

Emmett J. Rahm, Oliver & Peace, Boyle, Wheeler, Gresham & Davis and Richard T. Davis, San Antonio, McKay & Avery, Austin, for appellees.

NORVELL, Justice.

This lawsuit presents some unusual· facts. Ralph L. Grimes was the driver of the Phoenix Refining Company's gasoline ·tank truck which collided with a vehicle owned by the E. L. Powell and Sons Trucking Company (hereinafter referred to as Powell) at the Burnell Underpass in Bee County, Texas. See, Phoenix Refining Co. v. Powell, Tex.Civ.App., 251 S.W.2d 892. Grimes ·was killed and this action was instituted against Powell under Article 4671

et seq., Vernon's Ann.Civ.Stats., by Meta Lorene Grimes, claiming to be the widow of Ralph L. Grimes, deceased. Mrs. Grimes sued as next friend of the minor children of Ralph L. Grimes, namely, Bobbie Lee Grimes, Jackie Lou Grimes (who were also the children of plaintiff) and Edna Louise Grimes. She sought a recovery on behalf of herself, the minor children named, and Harry Grimes, the father of Ralph L. Grimes, deceased. Texas Employers' Insurance Association intervened in this action, asserting that it was the workmen's compensation insurance carrier for Phoenix Refining Company and had paid the maximum death benefits under the workmen's compensation law, and was subrogated to the rights of plaintiffs to the extent of its payments of $7,275.00, together with reasonable attorney's fees.

The judgment rendered below provided that the minor plaintiffs, Bobbie Lee Grimes, Jackie Lou Grimes and Edna Louise Grimes (for whom an attorney ad litem had been appointed) recover the sum of $1,000.00 each. The decree provided, however, that said money (which had been deposited into court) should be paid over to Texas Employers' Insurance Association under its subrogation claim; $750.00 of said amount being designated as and for attorney's fees. It was further adjudged that Meta Lorene Grimes and Harry Grimes take nothing by their suit against Powell. From this Texas Employers' Insurance Association has appealed to this Court.

As we understand appellant's position, it is not asserting that it was deprived of the right to go forward and prosecute the claim to which it was subrogated under the terms of Article 8307, § 6a, Vernon's Ann.Tex.Stats. It seems that appellant was in no position to take this action and did not in the trial court assert that it was. The complaint is that appellant's subrogation rights were not properly recognized and protected in connection with a settlement agreement made by Powell, which prepared the way, so to speak, for the judgment which was rendered by the trial court.

With reference to this agreement, some additional statement is necessary. It appears that Texas Employers' Insurance Association answered an appeal from an award of the Industrial Accident Board by interpleader, admitting that it was liable for the payment of compensation as a result of the death of Ralph L. Grimes. The claimants in this suit were Meta Lorene Grimes and Barbara L. Cowfer, each claiming to be the surviving widow of Ralph L. Grimes. Meta Lorene Grimes also asserted claims in behalf of her children, Bobbie Lee Grimes and Jackie Lou Grimes, while Barbara L. Cowfer asserted a claim on behalf of her daughter, Edna Louise Grimes. The judgment recites that as there was a dispute between Meta Lorene Grimes and Barbara L. Cowfer as to which of the two was entitled to recover as beneficiary under the workmen's compensation act, they had agreed to settle the controversy by agreeing that all sums payable under the law should be paid to the three children in equal portions. The court accordingly so decreed.

Barbara L. Cowfer was not a party to the present suit and apparently Powell was unacquainted with her existence or claim until it was brought out in the testimony. At the time the disputed settlement was made, the case had been in the course of trial for some days. Evidence had been introduced indicating that Barbara L. Cowfer had married Ralph L. Grimes in Pennsylvania on May 24, 1936, and that a child, named Edna Louise Grimes, was born to this marriage on January 29, 1937. Barbara L. Cowfer testified that to her knowledge she had never been divorced by Ralph L. Grimes. It appears that Meta Lorene Grimes and Ralph L. Grimes were married on September 14, 1945, and had the two children heretofore named. Under the terms of the settlement agreement, Powell paid $10,666.67 to Meta Lorene Grimes, who was actively prosecuting the suit; $5,333.33 to Barbara L. Cowfer, and deposited $3,000.00 in court to settle the claims of the three minors. This made a total settlement payment of $19,000.00.

Appellant claims that it is entitled to be reimbursed for the $7,275.00 paid on the

workmen's compensation claim, not only out of the money awarded to the minors but also out of the money paid to Meta Lorene Grimes and Barbara L. Cowfer; that the settlement between Powell and Meta Lorene Grimes and Barbara L. Cowfer was made in disregard of its subrogation rights and that it was entitled to a money judgment against said parties.

Any subrogation claim under Article 8307, § 6a, must be through an "injured employe or his legal beneficiaries" if he be deceased. Appellant says that under authority of Ft. Worth & Denver City Ry. Co. v. Floyd, Tex.Civ.App., 21 S.W. 544, Barbara L. Cowfer could not recover benefits for the death of Ralph L. Grimes, and that under the case of Ft. Worth & Rio Grande Ry. v. Robertson, 103 Tex. 504, 55 Tex.Civ. App. 309, 121 S.W. 202, Id., 103 Tex. 504, 131 S.W. 400, Meta Lorene Grimes was at most a putative wife and not entitled to recover. The trial court was never called upon to decide these issues and the duty does not devolve upon this Court to determine which of the female claimants was the legal widow of Ralph L. Grimes. As we understand appellant's position, it is not complaining that it was deprived of the opportunity to establish which one of them was a legal beneficiary, in accordance with its right to "enforce in the name of the injured employe or of his legal beneficiaries or in its own name * * *, the liability of other persons for the injury or death of the insured employee." Appellant is claiming the benefit of a settlement made by Barbara L. Cowfer and Meta Lorene Grimes with Powell, and the point that distinguishes this case from that of Fort Worth Lloyds v. Haygood, Tex.Sup., 246 S.W.2d 865, relied upon by appellant, is that here there is no finding that either Meta Lorene Grimes or Barbara L. Cowfer was a legal beneficiary of Ralph L. Grimes. Powell, before settling with conflicting claimants and buying its peace, was not required to force litigation of this issue between them. The payments made to these two women did not constitute a part of a court award to be apportioned between them, their minor children and the father of Ralph L. Grimes, in accordance with the provisions of Article 4677.

 As to the amount of the award made to the minors (to which appellant is subrogated), the record discloses no abuse of the trial court's action in approving the same. This was a case of doubtful liability. Other claimants had been unsuccessful in establishing the liability of Powell for the collision involved. These and other matters are recited in the trial court's judgment setting out the reasons for rendering the judgment appealed from.

Being of the opinion that appellant's brief discloses no reversible error, an affirmance of the judgment is accordingly ordered.