## TEXAS EMPLOYERS INSURANCE ASSOCIATION V. META LORENE GRIMES ET AL

No. A-4166. Decided May 19, 1954.
Rehearing overruled June 23, 1954.
(264 S.W. 2d Series 332)

358

*Eskridge, Groce & Hebdon,* of San Antonio, *Leachman, Matthews & Gardere* and *Henry D. Atkin,* all of Dallas for petitioner.

The Court of Civil Appeals erred in holding that the intervenor, Insurance Carrier, was subrogated only to the extent of $3,000.00 when it was entitled to $7,275.00 plus attorney's fees. Said court also erred in holding that the record disclosed no abuse of the trial court's action in approving $1,000.00 apportionment to each of the deceased's minor daughters out of a $19,000.00 total settlement, when over $10,000.00 was apportioned to a putative wife and over $5,000.00 to a wife who was living with, had assumed the name of and had borne children to another man, and had received no contributions from him for approximately ten years. Ft. Worth Lloyds v. Haygood, 151 Texas 149, 246 S.W. 2d 865; Traders and Gen. Ins. Co. v. West Texas Utilities, 140 Texas 57, 165 S.W. 2d 713; Texas Emp. Ins. Assn. v. Brandon, 126 Texas 636, 89 S.W. 2d 982.

*Boyle, Wheeler, Gresham & Davis, and Richard T. Davis,* all of San Antonio, *McKay* and *Aveery and John J. McKay,* all of Austin, for respondents.

MR. JUSTICE CULVER delivered the opinion of the Court.

Our former opinion in this case is withdrawn and the following substituted therefor.

This suit was brought by Meta Grimes, claiming to be the surviving wife of R. L. Grimes, for herself and as next friend of three minor children of Grimes, two of them born to her and one to Barbara Grimes Cowfer, against E. L. Powell and others for damages arising from the death of Grimes in a truck collision. Barbara was not made a party.

Texas Employers Insurance Association, petitioner, intervened alleging that as workmen's compensation carrier it had paid the maximum death benefits and was therefore subrogated to any recovery by plaintiffs to the extent of those payments totaling some $7,000.00.

The Workmen's Compensation suit had been brought by Barbara for herself and as next friend for her child in which Meta intervened for herself and her two children. Texas Employers admitted its liability and tendered the money into court because of the dispute between the two women, both of whom claimed to be the surviving wife of Grimes. By judgment rendered on March 19, 1951, the court recited that a bona fide dispute had arisen between the parties as to which alleged wife was the true beneficiary and that by agreement of the parties all benefits should be awarded to the three minor children.

It was stipulated between plaintiffs and petitioner that out of any recovery the petitioner would be subrogated to the amount of the benefits theretofore paid, plus a reasonable attorney's fee of $1,000.00. The Powells did not consent to be bound by this stipulation and so announced.

After the trial had proceeded for some days a settlement was made by the terms of which $3,000.00 was paid into the registry of the court for the three minor plaintiffs, which the court found to be a fair settlement and to the best interest of said minors. This award was thereafter paid over to petitioner under its claim of subrogation. While no mention of the matter is made in the judgment, the Powells paid Meta $10,666.67 and Barbara $5,333.33 in settlement of their alleged causes of action.

On appeal the judgment of the trial court was affirmed by the Court of Civil Appeals. 256 S.W. 2d 234. We agree to that disposition of the case.

Petitioner asserts that the Court of Civil Appeals erred in four particulars:

"(1) In holding that intervenor was subrogated only to the extent of $3,000.00 in disregard of the stipulation that out of any recovery on behalf of plaintiffs, intervenor was entitled to subrogation of $7,275.00 in accordance with the provisions of Sec. 6a, Art. 8307.

"(2). In holding that the record discloses no abuse of the trial court's action in approving $1,000.00 apportionment to each of the three minor daughters out of the $19,000.00 total settlement when $10,667.67 was apportioned to a putative w i f e and $5,333.33 was paid to a wife who was living with and had assumed the name of and had borne two children to another man and has received no contribution from deceased for approximately ten years.

"(3) In not reversing the judgment of the trial court where the minor plaintiffs were represented by their mother as next friend when such next friend had an adverse interest to that of said minors who she was purported to represent and which minors had no guardians ad litem to protect their interest.

"(4) In affirming the action of the trial court in not permitting the jury to apportion the amount recovered by the plaintiffs between the plaintiffs as required by Article 4677, Revised Statutes of Texas, and in withdrawing the cause from the jury docket and depriving the parties of a jury trial over intervenor's protest in violation of the provisions of Rule 220, T.R.C.P."

■ In support of its first point petitioner cites the holding in Fort Worth Lloyds v. Haygood, 151 Texas 149, 246 S.W. 2d 865, but as shown by the Court of Civil Appeals the distinguishing feature is that in the case before us there is no finding that either Meta or Barbara was a legal beneficiary of R. L. Grimes. To the contrary it seems to be well established by the evidence and the petitioner itself so asserts that neither of these was in a position to claim any benefit either under the death statute or under the provisions of the Workmen's Compensation law. Barbara Grimes whose relationship with the deceased was not known by respondent, Powell, until the trial had been in progress for several days, was summoned and testified. She was married to the deceased in May of 1936, and lived with him intermittently until 1944. She instituted divorce proceedings against Grimes, but dismissed the suit. She lived with him thereafter for a time. So far as she knew he had never obtained any divorce from her. She thereafter lived with one Cowfer, bore him two children and adopted his name. Grimes never supported her or their child. Under these facts admittedly Barbara would be precluded from recovery. Fort Worth & Denver City Ry. Co. v. Floyd, 21 S.W.

544. We think that such conduct, admitted on her part, would constitute abandonment as contemplated by Article 8307, Section 6a, Vernon's Annotated Civil Statutes, and thus disqualify her likewise as a beneficiary under the Workmen's Compensation Law. Texas Employers Insurance Association v. Johnson, 89 S.W. 2d 1112. Under the holding of this court in Fort Worth & Rio Grande Ry. Co. v. Robertson, 103 Texas 504, 131 S.W. 400, Meta L. Grimes being a putative wife was not entitled to recover for the death of her putative husband, nor occupying such status could she collect any benefits under the Workmen's Compensation Law. Woods v. Hardware Mutual Casualty Co., 141 S.W. 2d 972, wr. ref.

■ The stipulation between plaintiffs (Meta for herself and as next friend) and petitioner was not binding on respondents because they refused to agree, neither on Barbara for she was not a party to the litigation. The stipulation indeed amounted to little more, if any, than a statement of the subrogation right given to the petitioner by law. Art. 8307, Sec. 6a, Vernon's Annotated Civil Statutes. Ordinarily, the purpose of such a stipulation is to complete the record and to avoid the necessity of disclosing facts to the jury which might be prejudicial.

All of the money paid out by petitioner went to the children and all the children received as a result of this suit was paid over to petitioner.

We think the payment of money by respondent Powell to people who had no legal right of recovery would not give to the compensation carrier the right of subrogation to such funds. Powell had the right "to buy his peace" and end costly and long drawn out litigation even though the price paid seems to have been disproportionate to the risk involved and to the amount paid to the children.

■ As pointed out by the trial court and by the Court of Civil Appeals, liability on the part of respondent Powell was doubtful. Other claimants injured in the same collision had been unsuccessful in attempting to establish such responsibility and it must have appeared to the court in approving this settlement that if the case had been tried to a conclusion probably no recovery could have been obtained for these children. We are of the opinion that the court did not abuse his discretion.

■ The complaint that no guardian ad litem was appointed to represent the children of Meta, on the ground that she was in-

terested adversely to them, was raised for the first time on the motion for new trial. The petitioner at no time during the days that the case was on trial made any suggestion to the court that such appointment be made nor filed any objection to his failure to so do. The children are not here complaining nor does anyone appear in their behalf. If, at any time in the future, these minors, by their representatives, should in a proper suit prove that their interest had not been properly protected, recovery may be had. Missouri, Kansas & Texas Ry. Co. of Texas v. Pluto, 138 Texas 1, 156 S.W. 2d 265. In that event, we think, the right of subrogation on the part of the Association would still apply. In our opinion the petitioner presents no good grounds upon which the settlement made and approved by the Court should be set aside or the cause reversed for a new trial. Affirmed.

Opinion delivered May 19, 1954.

MR. JUSTICE GRIFFIN dissenting. ₒ

I cannot agree with the majority opinion as substituted for the opinion heretofore handed down. This record shows that Meta Grimes, as next friend for three minors, filed this suit for damages. A guardian ad litem was appointed for only one of the minors, leaving two for which no guardian ad litem was appointed. At the beginning of the trial it was agreed between Meta Grimes, individually and as next friend for the minors, and Texas Employers Insurance Association that the Insurance company should be paid the sum of $7,000.00 thereto paid by it to the minors as beneficiaries under the Workmen's Compensation statute. The record further shows that an agreed settlement was made whereby Meta was paid the sum of $10,666.67 "on the side" and by judgment she was decreed to take nothing; in the final judgment the minors were paid only $3,000.00. It requires no argument to demonstrate that Meta had an interest adverse to the minors, and therefore could not properly represent the minors as their next friend. Greathouse v. Fort Worth & Denver City Ry. Co., Texas Com. App., 65 S.W. 2d 762; Missouri-Kansas-Texas Ry. Co. of Texas v. Pluto, 138 Texas 1, 156 S.W. 2d 265; Lumsden v. Chicago R. I. & T. Ry. Co., Texas Civ. App., 56 S.W. 605. A guardian ad litem should have been appointed to represent them, and in the face of this record this cause should be reversed and remanded to the trial court for a trial wherein the minors could have their interests properly protected.

Rehearing overruled June 23, 1954.