TEXAS EMPLOYERS INSURANCE ASSOCIATION, Appellant,

v.

Carl W. MYERS, Appellee.

No. 15195.

Court of Civil Appeals of Texas, San Antonio.

June 6, 1973.

Groce, Locke & Hebdon, San Antonio, for appellant.

Tinsman & Houser, San Antonio, for appellee.

BARROW, Chief Justice.

The question presented by this appeal is whether the Texas Workmen's Compensation Act grants subrogation rights to an insurance carrier that has paid death benefits to the Second-Injury Fund. The trial court concluded that the Act did not grant such rights and entered summary judgment against appellant on its plea of intervention in a suit filed against a third party by adult children of a deceased worker.

All the facts were stipulated. Aaron C. Myers, an employee of Ray Carpenter & Co., received injuries in the course of his employment on August 9, 1971, when struck by a vehicle operated by an employee of Commercial Refuse Systems. As a result of these injuries, he died on March 18, 1972. Appellant was the workmen's compensation insurance carrier for Ray Carpenter & Co. On May 10, 1972, a claim for death benefits was filed with the Industrial Accident Board by Carl W. Myers on behalf of himself, Lourn F. Myers, and Jed G. Myers, who are adult sons of deceased and sole survivors at law. The Board entered its final award on August 7, 1972, whereby it found that there was no person surviving the deceased who was entitled to compensation under the compensation law; and, therefore, the Association was ordered to pay the sum of $4,200 into the Second-Injury Fund as provided by law.[1] This sum was paid by the Association, but no payments were made to or on behalf of the surviving sons of deceased. The surviving sons, as sole surviving heirs at law of deceased, subsequently brought suit against Commercial Refuse Systems seeking to recover damages for the pain and suffering of deceased from the date of the accident to his death. The Association intervened and sought to recover the $4,200 paid to the Second-Injury Fund, together with reasonable attorney's fees. A settlement was subsequently entered into by and between appellees and Commercial Refuse Systems whereby the latter paid to appellees a sum in excess of $4,200. The trial court granted appellees a take nothing summary judgment on the Association's plea in intervention, and this appeal has been timely perfected.

The Association claims subrogation rights by virtue of Article 8307, Sec. 6a, Vernon's Tex.Rev.Civ.Stat.Ann., which provides in part:

"If compensation be claimed under this law by the injured employé or his legal beneficiaries, then the association shall be subrogated to the rights of the injured employé in so far as may be necessary and may enforce in the name of the injured employé or of his legal beneficiaries or in its own name and for the joint use and benefit of said employé or beneficiaries and the association the liability of said other person, and in case the association recovers a sum greater than that paid or assumed by the association to the employé or his legal beneficiaries, together with a reasonable cost of enforcing such liability . . . ."

The unique situation presented here is that no payments or benefits have been made by the Association to appellees; in fact, it was stipulated that at the time of Aaron Myers' death, he was a widower, and all three of his sons were adults and not dependent on him. Therefore, there was no statutory beneficiary under the Workmen's Compensation Act who survived the employee, and the Board properly ordered the Association to pay the sum of $4,200 to the Second-Injury Fund.

Article 8306, Sec. 12c–2, Tex.Rev.Civ. Stat.Ann., provides for the Second-Injury Fund. It has been held that the benefits which the statute requires the Association to pay are not compensation under the Act, but are only payments into the Fund for

1. Acts 1969, 61st Leg., p. 48, Chap. 18, Sec. 8.

the benefit of those receiving a second injury under the terms of the Act. Industrial Accident Board v. Texas Employers' Insurance Association, 162 Tex. 244, 345 S. W.2d 718 (1961). Nevertheless, the Association seeks subrogation because a *claim* was filed by said survivors with the Board.

We have found no case squarely in point. Two cases by dicta have inferred that the insurance carrier is subrogated to the employee's rights only to the extent of the compensation *paid* by the carrier. See Evans v. Venglar, 429 S.W.2d 673 (Tex. Civ.App.—Corpus Christi 1968, no writ); Gautreaux v. City of Port Arthur, 406 S. W.2d 531 (Tex.Civ.App.—Beaumont 1966, writ ref'd n.r.e.).

A somewhat analogous situation was presented in Texas Employers Insurance Ass'n v. Grimes, 153 Tex. 357, 269 S.W.2d 332 (1954). The Supreme Court there rejected a subrogation claim asserted by the insurance carrier seeking to recover from sums paid by a third party to a putative wife and a legal wife who had abandoned the deceased employee long before his death. A prior claim for death benefits under the Workmen's Compensation Act had been asserted by both women, individually, and on behalf of three minor children of the deceased employee. The compensation claim was settled by agreement, whereby only the minor children received compensation benefits. The insurance carrier was allowed subrogation from the sum paid by the third party to the minor children, but the carrier was not allowed recovery from the funds paid to either of the women. The Court said: "We think the payment of money by respondent Powell to people who had no legal right of recovery would not give to the compensation carrier the right of subrogation to such funds." 269 S.W.2d at 335.

Thus, the Court did not permit subrogation from funds paid the two women, although both had actually filed a "claim" under the compensation act. Under this holding, the test for recovery of subroga-tion is whether compensation or other benefits was actually paid by the carrier, not just that a claim was filed. In our opinion such test is the proper one. Such a rule does not allow a double recovery by the survivors. On the other hand, to permit the Association to recover subrogation from the survivors who had actually received no benefits from the Association would really be in the nature of penalty against survivors. Obviously, such construction would not be one beneficial to the employee or his beneficiaries. See Industrial Accident Board v. Parker, 348 S.W.2d 188 (Tex.Civ.App.—Texarkana 1961, writ ref'd n.r.e.).

The judgment is affirmed.