TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00801-CV






Reliance National Indemnity Company, Appellant



v.



Laura Rose Bar-Yardin and United Fashions of Texas, Ltd., Appellees






FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT


NO. 183,938-B, HONORABLE RICK MORRIS, JUDGE PRESIDING 






 Reliance National Insurance Company ("Reliance") appeals from the district court's
order granting summary judgment to appellees Laura Rose Bar-Yardin and United Fashions of Texas
Ltd. (collectively, "Bar-Yardin"). We affirm the trial court judgment.


Factual and Procedural History



 This suit arises out of a car accident between Laura Rose Bar-Yardin and Corinne
Meler, an employee of a T.G.I. Friday's restaurant, who was fatally injured in the accident. Because
Ms. Meler was acting within the course and scope of her employment at the time of the accident,
Friday's workers' compensation coverage was triggered. Because no person who qualified to collect
her death benefits survived Meler, Reliance, the workers' compensation carrier, paid the benefits to
the Subsequent Injury Fund ("the Fund"). (1)

 Reliance then sued Bar-Yardin, (2) alleging it was entitled to recover the death benefits
it paid to the Fund. Reliance sued on the theory that it was subrogated to the rights of the deceased
employee; thus, it was authorized to enforce independently appellees' potential liability. Tex. Labor
Code Ann. § 417.001(b) (West 1996 & Supp. 2001) (hereafter Labor Code). Appellees moved for
summary judgment on the ground that Reliance's pleadings failed to state a cause of action upon
which it could predicate a subrogation recovery. Specifically, appellees urged that, as a matter of
law, a workers' compensation carrier is not entitled to subrogation for death benefits paid to the
Fund. The district court granted appellees' motion for summary judgment. In one issue, Reliance
urges that summary judgment was improper because the Fund is a "legal beneficiary" of Meler, and
Reliance therefore is entitled to enforce a claim against appellees.


Discussion



 A trial court's ruling on a motion for summary judgment raises a question of law,
which we review de novo. Natividad v. Alexsis, Inc., 875 S.W.2d 695, 699 (Tex. 1994); Texas Dep't
of Ins. v. American Home Assurance Co., 998 S.W.2d 344, 347 (Tex. App.--Austin 1999, no pet.). 
When no genuine issues of material fact exist, a defendant's motion for summary judgment is
properly granted if the defendant can show the plaintiff has no cause of action against him. Citizens
First Nat'l Bank v. Cinco Exploration Co., 540 S.W.2d 292, 294 (Tex. 1976). In this case, the court
granted summary judgment on the basis that Texas law does not provide a cause of action allowing
insurance carriers to subrogate death benefits paid into the Fund.

 Reliance bases its claim for recovery on Labor Code section 417.001(b): "If a benefit
is claimed by an injured employee or a legal beneficiary of the employee, the insurance carrier is
subrogated to the rights of the injured employee and may enforce the liability of the third party in
the name of the injured employee or the legal beneficiary." Labor Code § 417.001(b). A "legal
beneficiary" is a person entitled to receive a death benefit under the Texas Workers' Compensation
Act. Id. § 401.011(29). "Person" includes any legal entity. Id. § 401.011. (3) Reliance contends that
the Fund is a legal beneficiary who has claimed a benefit; Reliance therefore may enforce the third
party's liability in that legal beneficiary's name.

 As set out above, the Fund appears to fit the definition of a legal beneficiary. We
note, however, that after defining "legal beneficiary" the Labor Code does not then use that defined
term in a precise manner. In one section of the statute, the Fund appears to be included in the term
legal beneficiary: "If all legal beneficiaries, other than the subsequent injury fund, cease to be
eligible . . . . " Id. § 408.184(c) (emphasis added). However, another section does not appear to
include the Fund as a legal beneficiary: "If an employee is not survived by legal beneficiaries, the
death benefits shall be paid to the subsequent injury fund . . . ." Id. § 408.182(e).

 We note that the entire phrase in section 417.001(b) to be considered is "legal
beneficiary of the employee"; the phrase "of the employee" as a modifier does not appear elsewhere
in the Labor Code in connection with "legal beneficiary." However, there is a more fundamental
problem in Reliance's analysis, which appears to be: the Fund is a legal beneficiary, Reliance is
subrogated to its rights; therefore, Reliance may sue appellees. But Reliance is subrogated to the
Fund's rights--the Fund must have a cause of action against appellees to which Reliance is
subrogated. Meler's parents' right to sue appellees and any potential recovery of theirs arises from
a wrongful death cause of action. (4) Given that Meler's parents are not injured employees or legal
beneficiaries, the carrier cannot be subrogated to any rights of theirs based on section 417.011(b).

 Appellees rely on Texas Employers Insurance Ass'n v. Myers, 496 S.W.2d 940 (Tex.
App.--San Antonio 1973, no writ), for the proposition that the carrier is not entitled to subrogation
from any recovery by Meler's survivors. In Myers, the decedent was fatally injured in a car accident
while acting in the scope of employment. Id. at 941. Because the decedent's adult sons were not
entitled to death benefits, the carrier paid the benefits to the Fund. (5) The sons brought a wrongful
death suit against the driver of the other vehicle. The carrier intervened and attempted to recover the
death benefits it had paid into the Fund. Id. The trial court rendered summary judgment against the
carrier, concluding that the Workers' Compensation Act did not grant subrogation rights to an
insurance carrier to recover from the survivors who had received no benefits from the carrier. Id.
at 942.

 Reliance contends that unlike the insurance carrier in Myers, Reliance is not pursuing
a claim against a recovery by any of Meler's surviving relatives. Instead, Reliance has filed suit
directly against the alleged tortfeasors. We note that section 417.011(b) clearly refers to the carrier's
right of subrogation; the procedural posture of the suit does not change its fundamental nature. The
insurance carrier in Myers intervened in the surviving sons' suit against the third party; in the current
case, Reliance filed suit and Meler's surviving parents intervened. The result is the same--the
carrier is attempting to exercise a right of action that belongs to a person who is not a legal
beneficiary. The Myers case answers the question of Reliance's subrogation right against Meler's 
parents' wrongful death action--there is none. It does not determine whether the Fund may have
its own action against the third party tortfeasor.

 The Fund is a creature of statute. See Second Injury Fund v. Keaton, 345 S.W.2d 711,
713 (Tex. 1961). The rights of the Fund are created and measured by that statute. See id. The Fund
was created to provide benefits to deal with the special situation in which a worker entered the
workforce with permanent partial disability and suffered a second, or subsequent injury, that resulted
in total permanent disability. See Gilmore v. Lumbermen's Reciprocal Ass'n, 292 S.W. 204, 205
(Tex. Comm. App. 1927, judgm't adopted); see generally 37 Karen A. Lerner, Workers'
Compensation Law & Practice, §§ 301-21 (West 1989 & Supp. 2001). The Fund basically allows
the carrier to pay the consequence of only one injury; the Fund pays the difference between the
consequence of one injury and total impairment. The monies that finance the Fund are unclaimed
death benefits. Labor Code § 403.007. The Fund is a special fund in the Treasury. (6) Id. § 403.006. 
The monies received by the Fund thus benefit all participants in the workers' compensation system
by spreading the risk of this one category of impairment.

 The Fund is entitled to receive unclaimed death benefits. The amount of such a
benefit is set by statute. The Fund is entitled to receive only the unclaimed death benefit, unless
explicitly authorized. In Johnson v. Second Injury Fund, 688 S.W.2d 107 (Tex. 1985), the Texas
Supreme Court held that the Second Injury Fund had no right of subrogation to recover benefits it
had paid to a worker from that worker's personal injury suit. Id. at 109. The court focused on the
statute creating the Fund that specified it was to be funded by unclaimed death benefits. Id. at 108. 
The court held that this statute provided the exclusive mechanism for the Fund's receipt of monies;
it noted that the legislature could have provided for subrogation but chose not to do so. Id. Shortly
after that case, the legislature amended the statute to allow the Fund a right of subrogation against
benefits it paid out. Act of May 17, 1985, 69th Leg., R. S., ch. 328, § 1, 1985 Tex. Gen. Laws 1387. 
Of course, the Fund does not pay death benefits.

 The Fund is the only entity entitled to receive death benefits without satisfying a
dependency requirement. A person who meets the dependency requirement may be entitled to
receive more than the statutory death benefit. Section 417.011(a) authorizes both suit against a third
party tortfeasor and the collection of death benefits. That is, a dependent does not have to choose
whether to gamble with recovery through a suit or to accept the statutory amount. (7) In the event that
person recovers more than the statutory death-benefit amount, then the statute allows the carrier to
recoup the benefit paid out. In the event that person chooses not to exercise his rights against the
third party, the carrier can exercise that person's rights for him, to the extent of the monies paid. 
However, the Fund, in the case of unclaimed death benefits, receives everything it is entitled or
authorized to receive through the statutory payment from the carrier, and has paid out nothing. Nor
can we interchange the Texas Workers' Compensation Commission and the Fund. Section
417.001(c) specifically authorizes the Commission, when the Fund has paid benefits for a subsequent
injury, to be considered the carrier for purposes of being subrogated to the claimant's rights. Labor
Code § 417.001(c). We find no statute authorizing a cause of action by the Fund against the third
party tortfeasor to recover death benefits.

 The "of the employee" modification of "legal beneficiary" in section 417.001(b), then, 
serves to distinguish between those dependent legal beneficiaries who may be entitled to receive
greater compensation than the statutory death benefits, and the Fund, which is only entitled to the
statutory death benefits. We conclude there is no "legal beneficiary of the employee" entitled to
bring a cause of action against appellees to which Reliance can be subrogated.


Conclusion



 We overrule Reliance's sole point of error and affirm the trial court's judgment.



 ___________________________________________

 Jan P. Patterson, Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Affirmed

Filed: July 26, 2001

Do Not Publish
1. Although Meler's parents, Delores and Robert Meler, survived her, they concluded that they
did not fulfill the statutory requirement of dependency, so neither attempted to collect the workers'
compensation death benefit. See Tex. Lab. Code Ann. § 408.182(d) (West 1996). In the absence
of such a qualified survivor, the benefits are paid to the Subsequent Injury Fund. Id. § 403.007(a),
408.182(e).
2. Delores and Robert Meler originally intervened in this suit. After summary judgment against
Reliance, the trial court granted the parties' agreed motion to sever, creating a final judgment against
Reliance. Reliance then perfected appeal. The Melers are not parties to this appeal.
3. Revisor's note 8: definition of "person" is now that found in Tex. Gov't Code Ann.
§ 311.005(2) (West 1998).
4. Tex. Civ. Prac. & Rem. Code Ann. § 71.004 (West 1997).
5. At the time, the Fund was called the Second Injury Fund. See Act of Dec. 11, 1989, 71st Leg.,
2d C.S., ch. 1, §§ 2.14, 4.47, 1989 Tex. Gen. Laws 10, 46 (changing name to Subsequent Injury
Fund).
6. Labor Code section 403.006 still refers to the Treasury. Labor Code section 417.001(d) refers
to monies collected being remitted to the Comptroller for credit to the subsequent injury fund,
reflecting the abolition of the office of the Treasurer.
7. An earlier version of this section refers specifically to the beneficiary not having to elect
remedies. Act of May 17, 1985, 69th Leg., R.S. , ch. 326, § 1, 1985 Tex. Gen. Laws 1387, 1388.



subrogation against
benefits it paid out. Act of May 17, 1985, 69th Leg., R. S., ch. 328, § 1, 1985 Tex. Gen. Laws 1387. 
Of course, the Fund does not pay death benefits.

 The Fund is the only entity entitled to receive death benefits without satisfying a
dependency requirement. A person who meets the dependency requirement may be entitled to
receive more than the statutory death benefit. Section 417.011(a) authorizes both suit against a third
party tortfeasor and the collection of death benefits. That is, a dependent does not have to choose
whether to gamble with recovery through a suit or to accept the statutory amount. (7) In the event that
person recovers more than the statutory death-benefit amount, then the statute allows the carrier to
recoup the benefit paid out. In the event that person chooses not to exercise his rights against the
third party, the carrier can exercise that person's rights for him, to the extent of the monies paid. 
However, the Fund, in the case of unclaimed death benefits, receives everything it is entitled or
authorized to receive through the statutory payment from the carrier, and has paid out nothing. Nor
can we interchange the Texas Workers' Compensation Commission and the Fund. Section
417.001(c) specifically authorizes the Commission, when the Fund has paid benefits for a subsequent
injury, to be considered the carrier for purposes of being subrogated to the claimant's rights. Labor
Code § 417.001(c). We find no statute authorizing a cause of action by the Fund against the third
party tortfeasor to recover death benefits.

 The "of the employee" modification of "legal beneficiary" in section 417.001(b), then, 
serves to distinguish between those dependent legal beneficiaries who may be entitled to receive
greater compensation than the statutory death benefits, and the Fund, which is only entitled to the
statutory death benefits. We conclude there is no "legal beneficiary of the employee" entitled to
bring a cause of action against appellees to which Reliance can be subrogated.


Conclusion



 We overrule Reliance's sole point of error and affirm the trial court's judgment.



 ___________________________________________

 Jan P. Patterson, Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Affirmed

Filed: July 26, 2001

Do Not Publish
1. Although Meler's parents, Delores and Robert Meler, survived her, they concluded that they
did not fulfill the statutory requirement of dependency, so neither attempted to collect the workers'
compensation death benefit. See Tex. Lab. Code Ann. § 408.182(d) (West 1996). In the absence
of such a qualified survivor, the benefits are paid to the Subsequent Injury Fund. Id. § 403.007(a),
408.182(e).
2. Delores and Robert Meler originally intervened in this suit. After summary judgment against
Reliance, the trial court granted the parties' agreed motion to sever, creating a final judgment against
Reliance. Reliance th